BECK *vs.* THE STATE OF GEORGIA.

1. The verdict is supported by the evidence.
2. That the principal witness for the state, on whose testimony the conviction largely rested, had had a serious personal difficulty with the prisoner, and testified under strong feelings of malice, and that defendant's counsel did not know of the difficulty until after the trial, furnished no ground for new trial. The defendant knew the facts and should have communicated them to his counsel.

Criminal law. New trial. Before Judge LESTER. Dawson Superior Court. April Term, 1880.

Reported in the decision.

M. L. SMITH; H. C. JOHNSON; WIER BOYD, for plaintiff in error.

THOS. F. GREER, solicitor-general, for the state.

CRAWFORD, Justice.

Dawson Beck was indicted for, and convicted of, malicious mischief, in that he wilfully shot and killed a hog which was the property of another. He moved for a new trial because, as he alleged, the evidence was insufficient to authorize a verdict against him, and on the further ground that one of the witnesses against him, and the only one who testified to the killing of the hog, had a serious difficulty with him immediately preceding the finding of the bill of indictment, and that his testimony was given in under strong feelings of malice, and of which his counsel was ignorant until after the trial.

The judge below, upon considering the grounds taken, held them to be insufficient, and this court is called upon to reverse that judgment.

1. Upon examining the testimony we find that the shooting of the hog is sworn to positively by a witness who says that he saw it done, describes the hog, and names the place where it might be found. The *owner* went to the place, and there found it; he saw no bullet-hole, though he says that at that time it was pretty well covered over with snow, which he did not brush entirely away.

Henry Fouts and John W. Beck, also went to the place where it was, each one of them examining it *with his foot*, Beck, the father of the accused, more carefully than the other witnes, and their testimony was that they *did not see any* bullet-hole or marks of violence about it.

It is claimed, therefore, that because these witnesses did

not see where the ball entered, that the jury should have acquitted the defendant. It appears from the evidence in the reeord, that the examination made was not such as to make it absolutely certain that the hog was not shot, and that it was made at a time, and under circumstances not well calculated to ascertain whether or not it had been penetrated by a ball. It is to be noticed, also, that neither of these witnesses swears positively that there was not a bullet-hole to be found; they only swear that they did not see any. Such proof will not overcome the positive statement of a witness unimpeached, who swore that he saw it done.

2. That there had been a difficulty between a witness for the state and the prisoner, and that the witness testified against him, whether under strong feelings of malice or not, was a fact well known to the party himself, although it *may* have been unknown to his counsel, and if he did not disclose it to them at a time when he might have gotten the benefit of it, he must abide the result of such failure, for it affords no legal ground upon which to grant a new trial.

Judgment affirmed.