19588. CLARK *v.* MARYLAND CASUALTY COMPANY *et al.*

DECIDED MAY 14, 1929.

*John B. Guerry, J. J. Bull & Son,* for plaintiff.
*Hollis Fort, R. L. Greer, John M. Greer,* for defendants.

BLOODWORTH, J. This case grows out of an injury to G. P. Clark received while he was employed by the commissioners of roads and revenue of Macon county. Under the workmen's compensation act the county carried insurance for its employees. On August 15, 1928, Clark filed a claim for damages against the county and against the Maryland Casualty Company as insurance carrier. The record shows that he received an injury to his hand on April 27, 1927, but that, not considering his injury of any "serious consequences," no claim for compensation was filed "within twelve months from the date of the injury." He claimed that he did not know the extent of the injury "until October, 1927, and urged that the case be heard notwithstanding he had not made application within one year from the date of the injury." T. E. Whitaker, the commissioner who heard the case, dismissed the claim, "for the reason that his claim was not filed within twelve months from the

date of the injury, and that no contention was made by him that his case would come under the exceptions noted in section 25 of the act, that any fraud had been practiced in connection with his case." On appeal to the superior court the judgment of the commissioner was affirmed, and the case was brought to this court by writ of error. The law itself clearly settles the question involved. The workmen's compensation act (Ga. L. 1920, p. 181, sec. 25; 12 Park's Code Supp. 1926, § 3154(y); Michie's Code (1926), § 3154(25)) declares that the right to compensation under this act shall be forever barred unless a· claim be filed with the industrial commission within one year after the accident, and, if death results from the accident, unless a claim is filed with the commission within one year thereafter. Under this law neither the commissioner nor the judge erred in his ruling.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*