*J. L. Wallace, M. B. Eubanks,* for the applicant.

19591. BURDETT *v.* ÆTNA LIFE INSURANCE COMPANY *et al.*

DECIDED JUNE 11, 1929. REHEARING DENIED JULY 9, 1929.

*Sims & Berman,* for plaintiff in error.

*Bryan & Middlebrooks,* contra.

BLOODWORTH, J. 1. In the Georgia workmen's compensation act there is no provision for the introduction of evidence in the superior court in a case where compensation is sought for an injury and the case is on appeal to that court from an award of the commission. The judgment of the superior court must be based on the record as transmitted to it by the industrial commission.

2. "Upon a review of an award made by the industrial commission under the provisions of the Georgia workmen's compensation act, the commission's findings of fact are, in the absence of fraud, conclusive, provided there is any evidence to support the award. Ga. L. 1920, p. 199. With respect to the sufficiency of the evidence to support it, such an award stands in this court upon the same footing as the verdict of a jury approved by the trial judge in other cases." *London Guarantee & Accident Co.* v. *Shockley,* 31 *Ga. App.* 762 (122 S. E. 99). The act creating the Georgia workmen's compensation act "makes the finding of the industrial commission upon the facts final and conclusive. The finding of that body upon the facts can not be reviewed in the superior court, if there is evidence to support its finding. Such finding can not be reviewed in the appellate court. The finality of the finding of the industrial commission upon the facts of the case is conclusive and binding upon all the courts. The purpose of the act in making such finding conclusive was to avoid the law's delay which is often the subject of complaint." *Maryland Casualty Co.* v. *England,* 160 *Ga.* 812, 813 (129 S. E. 76). In the case under consideration there was no appeal to the full commission, but there was an appeal from the finding of the commissioner who heard the case to the superior court. On each issue of fact submitted to the commissioner there was some evidence to support his finding; his award was sustained by the judge of the superior court,

and, as "such an award stands in this court upon the same footing as the verdict of a jury approved by the trial judge in other cases," the judgment is

  *Affirmed. Luke, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. In my opinion the ruling in the first division of the decision does not apply where it is sought to show fraud in the procurement of the award.