20156. WHITE v. UNITED STATES FIDELITY & GUARANTY COMPANY et al.

JENKINS, P. J. 1. The right to compensation under the workmen's compensation act "shall be forever barred, unless a claim be filed with the industrial commission within one year after the accident," except in cases where death results from the accident, in which event the claim must be filed within one year after the death, and except in cases where the claimant has proceeded in good faith against a corporation, the charter of which had expired but which was still doing business, in which latter event he is permitted to proceed against the persons operating under the corporate name, and the one year limit shall not apply. Workmen's Compensation Act, sec. 25, Ga. L. 1920, p. 181, Ga. L. 1925, p. 284; Michie's Code (1926), § 3154(25); *Bussey* v. *Bishop*, 169 *Ga.* 251 (3) (150 S. E. 78); *Clark* v. *Maryland Casualty Co.*, 39 *Ga. App.* 668 (148 S. E. 286).

2. Whatever might be the rule in a case where no injury resulted from the happening of an event until several months thereafter, and the claim was filed within the statutory period from the appearance of the injury (Kalucki *v.* American Car & Foundry Co., Michigan W. C. C., 1916, 390), in the instant case, where it appeared that on December 14, 1925, the claimant, a stone-cutter, while chipping stone, got a piece of steel in his eye, that he went to a physician within a week and had the foreign body removed, and thereafter consulted the insurance company's physician, who sent him back to the first physician, and the claimant testified "he has been treating me ever since, and it has continued to get worse and still is," the industrial commission necessarily held that the claim for compensation filed on February 9, 1927, was barred, since it appeared not only that the claim was not filed within one year from the date of the accident, as required by the statute, but that it was not filed within a year from the time the claimant became cognizant of the injury resulting from the accident.

3. The judge of the superior court did not err in affirming the award of the industrial commission, denying compensation.

> *Judgment affirmed. Stephens and Bell, JJ., concur.*
> DECIDED MAY 17, 1930.

*Scott Candler,* for plaintiff.
*Bryan & Middlebrooks, O. W. Russell,* for defendant.