22295.   PORTER *v.* LIBERTY MUTUAL INSURANCE
COMPANY *et al.*

DECIDED NOVEMBER 19, 1932.

*W. F. Wimberly, A. W. & M. V. Higdon,* for plaintiff.

*McDaniel, Neely, & Marshall, Harry L. Greene,* for defendants.

JENKINS, P. J.   The claimant received an injury which arose out of and in the course of his employment on October 28, 1929. His claim for compensation was filed with the industrial commission on January 8, 1931.   At the time of the injury the claimant was twenty years old, and attained his majority within three or four months after the accident:   The claim was filed within a year after he arrived at the age of twenty-one, but more than a year after the accident.   The industrial commission held that the claim was not barred, and entered an award of compensation.   This finding was reversed by the judge of the superior court.   The claimant excepted and brought the case to this court, the sole question involved being whether the claim was barred by reason of its not having been filed within a year from the time of the accident.

The workmen's compensation act provides as follows:  "The right to compensation under this act shall be forever barred, unless a claim be filed with the Industrial Commission within one year after the accident, and if death results from the accident, unless a claim therefor is filed with the commission within one year thereafter."   Ga. L. 1920, pp. 167, 181; Ga. L. 1925, pp. 282, 284; Michie's Code (1926), § 3154 (25) ; *Bussey* v. *Bishop,* 169 *Ga.* 251 (3) (150 S. E. 78, 67 A. L. R. 287) ; *Clark* v. *Maryland Casualty Co.,* 39 *Ga. App.* 668 (148 S. E. 286) ; *White* v. *United States Fidelity & Guaranty Co.,* 41 *Ga. App.* 514 (153 S. E. 574).   In the very able opinion written by Commissioner Whitaker, it is argued with much force that "the general law places infants in a privileged class and one that is purely personal to them.   Nowhere in the workmen's compensation act is this privilege abridged or limited.   On the other hand, it is extended.   For instance, under the general law an infant under the age of twenty-one can not bring a cause of action in the courts of this State.   Under the workmen's compensation act he may bring a cause of action if he is over eighteen years of age, but nowhere in the act is the limitations or privileges to him under the general law withdrawn or abridged in any manner whatsoever."   The commissioner further expresses the opinion that, "construing sections 25, 46 (b), 47, and 48 of the

workmen's compensation act, it was not the intention of the General Assembly to in any way restrict or abridge the privileges and rights of infants as to limitations of actions granted to them under the general law. It did in certain instances extend those rights and privileges, but in no instance did it say that the statute of limitations would run against an infant as set out in code section 4374."

In *Bussey* v. *Bishop,* supra, the third headnote is as follows: "The workmen's compensation act of this State creates a new right of action, one not existing at common law, of which the requirement that action for the enforcement thereof shall be filed with the industrial commission within one year from the date of the accident *is an essential ingredient;* and the right ceases and terminates where the claim is not so filed." (Italics ours.) In *U. S. Casualty Co.* v. *Smith,* 162 *Ga.* 130, 133 (133 S. E. 851), the Supreme Court said: "Unless the claim for compensation under this law is filed with the commission within one year after the accident, or, if death results from the accident, within one year thereafter, the right to compensation is forever barred. The filing of the claim for compensation with the industrial commission within the time prescribed *is jurisdictional;* and unless this is done, the commission is without authority to grant the injured employee compensation." It will thus be seen that the workmen's compensation act, which embodies within itself a complete code of laws upon the subject, fixes for itself, as an essential ingredient, jurisdictional premise, and condition precedent to the right to compensation, the filing of a claim within a period of limitation altogether different from that obtaining in the cases of ordinary actions at law or in equity, as distinguished from the defense which may be set up as a mere personal privilege. The ordinary statutes of limitations, which are "statutes of repose," are intended not to destroy the right of action which existed in favor of a complaining party, but, at the option of the defendant, when he sees proper to exercise his personal privilege, to prevent the maintenance of a suit thereon, and thus accord security against stale demands. *Fain* v. *Garthright,* 5 *Ga.* 6, 12; *Paschal* v. *Davis,* 3 *Ga.* 256, 265; *Dameron* v. *Southern Ry. Co.,* 44 *Ga. App.* 444, 448 (161 S. E. 641). The effect, therefore, of the provision of the workmen's compensation act that the *right to compensation* is dependent upon a claim being filed within one

year from the date of the accident, is not, as is insisted by counsel for plaintiff in error, to abrogate or repeal the general provisions of the code which fix different periods of limitations for causes of action of varying natures, and which also provide that such statutes shall not run during the period of disability of a minor or other person laboring under disability to sue. The workmen's compensation act bring in a new and independent, but conditional, *right to compensation,* the condition being that a claim therefor must be filed within a year after the accident. In other words, the limitation imposed by the workmen's compensation act operates as a "limitation of the liability as created, and not of the remedy alone." *Seaboard Air-Line Ry. Co.* v. *Brooks,* 151 Ga. 625, 627 (107 S. E. 878). See also, in this connection, *Parmelee* v. *S., F. & W. Ry. Co., 78 Ga.* 239 (2 S. E. 686); *Chamlee Lumber Co.* v. *Crichton,* 136 *Ga.* 391 (71 S. E. 673); *Atlantic Log & Export Co.* v. *Central of Ga. Ry. Co., 171 Ga.* 175, 180 (155 S. E. 525), s. c. 42 *Ga. App.* 256 (155 S. E. 530).

It remains to be seen only whether the limitation imposed by the statute applies to a minor over the age of eighteen years. Section 2 of the workmen's compensation act (Michie's Code, 1926, § 3154 (2)), defines the term "employee," as embracing "every person, including a minor, in the service of another under any contract of hire or apprenticeship, written or implied, except one whose employment is not in the usual course of the trade, business, occupation, or profession of the employer, and, except as hereinafter set out." This section further provides that "minors are included even though working in violation of any child-labor law." Section 46 of this act (Michie's Code, 1926, § 3154 (46)), provides that "whenever payment in accordance with the terms of this act is made to any minor employee eighteen years of age or over, the written receipt of such person shall acquit the employer." By section 47 of the act it is provided that "if an injured employee is mentally incompetent or is *under* eighteen years of age at the time when any right or privilege accrues to him under this act, his guardian, or trustee, may in his behalf claim and exercise such right or privilege." (Italics ours.) It would seem from the quoted provisions of the statute that the purpose and intent of the legislature was to put minors *over the age of eighteen,* who are employed under such circumstances as to come under the workmen's compensation

act, and who are laboring under no mental disability, upon the same basis as adults. There is nothing in the workmen's compensation act which at all prevents a minor over eighteen years of age from filing a claim for compensation. On the contrary, the plain intimation of section 47 is that a guardian or trustee, in his powers to act, is limited to cases where the minor employee has not attained the age of eighteen years. Since there is nothing to prevent his filing a claim in his own name, and since the provisions of the statute not only place him on the same plane as an adult, but make it mandatory that all claims be filed within one year from the date of the accident, unless death ensues, in which event the claim may be filed within one year from the date of the death, it would seem clear that the statute does not merely allow a minor employee over eighteen to file a claim for compensation, but that it *requires* him to do so. In *Atlanta & West Point R. Co.* v. *Coleman,* 142 *Ga.* 94, 95 (82 S. E. 499), the Supreme Court said: "The exemptions from the operation of statutes of limitations commonly granted to infants do not rest upon any fundamental doctrine of the law, but upon the legislative will expressed in the statutes. Infants could be put upon the same footing as adults in this respect, and *unless excepted, they so stand.*" (Italics ours.) Since there is no exception in the workmen's compensation law in favor of infants, except those under eighteen years of age or those laboring under some other disability, it must be held that they stand upon the same footing as adults with reference to the period of limitation fixed by the statute.

Counsel for plaintiff in error lay stress upon section 48 of the compensation act (Michie's Code, 1926, § 3154 (48)), which is as follows: "No limitation of time provided in this act for the giving of notice or making claim under this act shall run against any person who is mentally incompetent, or a minor dependent, so long as he has no guardian or trustee, or to a person who proceeds in good faith against a corporation supposed to have a legal entity, but which is proved to be defunct by reason of the expiration of its charter." It is contended that the words "or a minor dependent," as used in this section, would prevent the running of the statute of limitations against the claimant here until he arrived at his majority. Section 39 of the act, which enumerates persons who are conclusively presumed to be dependents, includes *"a boy under the*

age of eighteen, or a girl under the age of eighteen," who are conclusively presumed to be dependent upon a parent. If a child is over the age specified, but physically or mentally incapacitated from earning a livelihood, he or she is also presumed to be totally dependent. It seems clear that the words "minor dependent," as embodied in section 48, refer to a minor under the age of eighteen, who is conclusively presumed to be dependent upon a parent for support, *and to claims arising in favor of the dependents of an injured or deceased employee, and not to a claim accruing in favor of one who is an employee himself.*

Counsel cite also subdivisions (b) and (c) of section 46, with reference to payments to the natural or legal guardians of minors. Suffice it to say that, as already indicated, the act specifically provides for payments to minors over eighteen years of age, and these provisions of section 46, by their express terms, apply only to payments to be made to a natural or legal guardian of "a minor under eighteen years of age, or to a minor child over eighteen physically or mentally incapable of earning." There is nothing in the instant case to indicate that the claimant was laboring under any mental disability, or even that he was laboring under any physical disability except that occasioned by the injury on account of which compensation was sought.

We conclude that the claimant's right to compensation was barred by reason of his failure to file a claim within one year from the date of the injury, and that the judge of the superior court did not err in so holding. This ruling seems to be in accord with the weight of authority in other jurisdictions. U. S. F. & G. Co. *v.* Cruce, 129 Okla. 60 (263 Pac. 462, 56 A. L. R. 879); Cheesman *v.* Cheesman, 236 N. Y. 47 (139 N. E. 775); Beagle *v.* Groff, 198 App. Div. 453 (191 N. Y. S. 397); Campbell *v.* Bon Air Coal & Iron Co., 151 Tenn. 132 (268 S. W. 377).

*Judgment affirmed. Stephens, J., concurs. Sutton, J., disqualified.*