22788. NEW YORK INDEMNITY COMPANY *et al.*
*v.* ALLEN.

Decided September 30, 1933.

*Harry L. Greene, McDaniel, Neely & Marshall,* for plaintiffs in error.

*A. S. McQueen, Mingledorff & Gibson,* contra.

MacIntyre, J. An award by Director Land in favor of W. R. Allen, the claimant, and against Sterchi Brothers Stores Inc., the employer, and New York Indemnity Company, the insurance carrier, was affirmed by the Department of Industrial Relations, and, on appeal, the finding of the Department of Industrial Relations was affirmed by the judge of the superior court. The exception here is to the judgment affirming the award of the Department of Industrial Relations.

The only question argued or insisted upon by counsel for the plaintiff in error is stated in their brief in this language: "This record presents for determination the single question: Did the payment by Sterchi Brothers Stores Inc. to W. R. Allen of his regular wages during the period of disability following his accident suspend the running of the statute of limitations found in section 25 of the compensation act, so as to relieve said W. R. Allen from the necessity of filing his claim with the Industrial Commission of Georgia within twelve months from the date of said accident?"

On September 30, 1930, while undertaking to move a stove in Folkston, Georgia, W. R. Allen sustained an accident arising out of and in the course of his employment. Allen testified in part: "I was laid up about two weeks; that is, inside. I didn't go out any more than just around the house; I didn't work." It further appears from the record that after Allen could get about on crutches, his employer furnished him with help (without which he could not have performed his regular duties), and that, with

658

this assistance, he continued to work for his employer until November 15, 1931; that the employer paid Allen his regular wages of $35 a week from the time he was injured on September 30, 1930, until he ceased to work for his employer on November 15, 1931; that the employer was notified of the accident, and knew of it during the time it paid him wages after the accident; that the employer had never paid the claimant's doctor's bills; and that the insurance carrier had paid him nothing.

The material part of the award in this case follows: "The contention is made by the insurance carrier that the claim is barred by the statute of limitations; that is, that the claim was not filed with the Department of Industrial Relations within one year from the date of the accident, as provided by the act; and this is the main question that is presented for the determination in this claim. . ."

"So, in the instant case, whether the insurance carrier had notice of the accident or not, the employer had notice and actually paid the employee his regular wage, notwithstanding the fact that he was not on the job and not rendering service at the time. It also shows that they, during his disability period, hired additional help for the injured employee. The money thus paid by the employer was not paid for services, for the reason that the claimant was not at work. The only liberal interpretation that can be placed upon such a plan for payment of money to an injured employee during his disability from an accident is that the money thus paid under such circumstances was paid by the employer to compensate such injured employee." "I therefore construe the payments made to the claimant by his employer during his disability when he was not rendering services to be a payment of compensation, and accordingly so find." "Wherefore, if these payments were compensation, which the director herein concludes as a matter of law were compensation, then this claim is not barred by the statute of limitations, which requires that all claims be filed with the Department of Industrial Relations within one year from the date of the accident. Payment of compensation removes the bar."

Section 25 of the workmen's compensation act reads: "The right to compensation under this law shall be forever barred, unless a claim be filed with the industrial commission within one

year after the accident, and, if death results from the accident, unless a claim therefor is filed with the commission within one year thereafter." Ga. L. 1920, pp. 167, 181; 9 Park's Code Supp. 1922, § 3154 (y). In *U. S. Casualty Co.* v. *Smith,* 162 *Ga.* 130, 133 (133 S. E. 851), the court said: "The filing of the claim for compensation with the Industrial Commission within the time prescribed is jurisdictional; and unless this is done, the commission is without authority to grant the injured employee compensation." In *Porter* v. *Liberty Mut. Ins. Co.,* 46 *Ga. App.* 86 (166 S. E. 675), it was held that the right of a minor employee over the age of eighteen to compensation is barred, unless he files his claim within one year after the accident. In that decision, the court said: "In other words, the limitation imposed by the workmen's compensation act operates as a 'limitation of the liability as created, and not of the remedy alone.' " The strictness with which the limitation in the statute is applied clearly appears from the *Porter* case, and the authorities therein cited.

Of course there was no settlement for the injury, since, under § 19 of the compensation act, "no such settlement shall be binding until approved by the commission." It is also true that it is enacted by § 29 of said act that "no compensation shall be allowed for the first seven calendar days of incapacity resulting from an injury, including the day of the injury. . ." We quote from the award as follows: "Sterchi Bros. Stores Inc., employer, and the New York Indemnity Co., insurance carrier, will therefore pay to W. R. Allen, commencing on the 15th day of November, 1931, the sum of $15 per week for a period of 31-1/4 weeks, covering his specific disability, or until such time as there may be a change in his condition. . ." It appears that the employer paid claimant his regular wages at the rate of $35 a week for two weeks after the accident, when he was doing no work, and for several weeks thereafter when he was doing a part of his ordinary work—that is, when he was furnished help by his employer. It also appears from the record that W. R. Allen was employed by Sterchi Brothers Stores Inc. as salesman in the Folkston territory; that he was furnished with a storehouse in Folkston for furniture repossessed by him when payments were not met; that he collected for furniture sold; that he kept books; and that his territory covered two Georgia counties and some of north Florida.

660

It thus appears that Allen was a trusted and valuable employee of his employer. Aside from the fact that the applicant's wages were paid as indicated above, there is nothing in the record to show that they were either paid or received as compensation. We can not agree with the director that "the only liberal interpretation that can be placed upon such a plan for payment of money to an injured employee during his disability from accident is that the money thus paid under the circumstances was paid by the employer to compensate such injured employee." The claimant is presumed to know the law which required him to file his claim with the industrial commission within one year after the accident. It does not appear to be a suspicious circumstance for an employer to pay a trusted employee his regular wages as was done in this case, and we do not gather from the record that the employer did or said anything that would work an estoppel. See O'Esau v. Bliss Co., 188 App. Div. 385 (177 N. Y. Supp. 203). Our conclusion is that the judge of the superior court erred in affirming the award of the Department of Industrial Relations.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*