23519.  WRIGHT *v.* THE STATE.

Decided July 12, 1934.

*Jesse B. Simmons, George Holtman Jr.,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson,* contra.

MacIntyre, J. 1. The seven-year-old child upon whom the defendant is alleged to have committed assault with intent to rape testified to facts sufficient to warrant the jury in concluding that the crime was committed as charged in the indictment; and, furthermore, the child's testimony was corroborated by other evidence. We therefore hold that the evidence supports the verdict.

2. "Newly discovered evidence is not favored as a ground for new trial." *Young* v. *State,* 56 *Ga.* 403 (4) ; *Lakes* v. *Lakes,* 171 *Ga.* 692, 695 (156 S. E. 620). "A motion for new trial upon the ground of newly discovered testimony is addressed to the sound discretion of the court, and his judgment overruling the motion as to that ground will not be disturbed unless manifestly abused." *Lakes* v. *Lakes,* supra, 692 (2) ; *Moore* v. *Ewings,* 44 *Ga.* 354 (2). "Alleged newly discovered evidence is no cause for a new trial, unless it shall appear that the evidence itself is newly discovered, not merely that certain named witnesses by whom the facts can be proved were unknown until after the trial." *Bass* v. *State,* 154 *Ga.* 112 (3) (113 S. E. 524) ; *Burgess* v. *State,* 93 *Ga.* 304 (20 S. E. 331) ; *Nelms* v. *State,* 18 *Ga. App.* 92 (4) (88 S. E. 917). "It is not the discovery of new witnesses, but the discovery of new evidence, the materiality of which is sufficient to probably produce a

different result upon another trial of the case, which authorizes the grant of a new trial." *Jinks* v. *State*, 117 *Ga.* 714, 716 (44 S. E. 814). "And unless it is reasonably apparent to the judicial mind that the new facts would probably produce a different verdict, a new trial should not be ordered." *Young* v. *State*, supra; *Brown* v. *State*, 141 *Ga.* 783, 786 (82 S. E. 238). Alleged newly discovered evidence which would be inadmissible upon the trial of the case because it is hearsay is not ground for a new trial. *Hattaway* v. *Dickens*, 163 *Ga.* 755 (137 S. E. 57); *Fort* v. *State*, 3 *Ga. App.* 448 (60 S. E. 282). It appears from the affidavit of the witness relied upon to furnish the alleged newly discovered evidence that the material evidence he proposed to give was hearsay. Furthermore, the defendant deposed in his affidavit that he "believed" the alleged newly discovered evidence existed, but that he did not mention this belief to his counsel because he had very little education, was ignorant of the law, and did not know what facts should be presented. In his statement to the jury the defendant gave positively, emphatically, and unequivocally the alleged newly discovered evidence. Applying the law to the facts and circumstances of this case, we hold that the court did not err in overruling the only special ground of the motion for a new trial, to wit the one based upon newly discovered evidence.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*