25747. WELCHEL *v.* AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al.*

DECIDED NOVEMBER 7, 1936.

*Oze R. Horton,* for plaintiff.

*Neely, Marshall & Greene,* for defendants.

SUTTON, J. On May 14, 1934, while working for Pepperell Manufacturing Company, Welchel received an injury to his eye. He immediately reported to the first-aid department of his em-

ployer, and received treatment. He was treated by the company physician, who was called by the nurse in charge of the first-aid department, and was carried by this doctor to an eye specialist, who also treated him. On inquiry by Welchel, the company physician stated that the company would take care of him. He testified that this led him to believe that the company would pay him the compensation he was entitled to receive. He lost no time from his work. The employer did not report this accident until October, 1935. Welchel was never paid any compensation on account of his eye injury. He left the employment of the company in July, 1935. His injured eye began to pain him and grow worse until, as he testified, it is now practically worthless and he can not see much with it. On November 15, 1935, he filed with the Department of Industrial Relations his claim for compensation on account of his injured eye. The single director denied the claim, on the ground that the department did not have jurisdiction thereof, more than a year having elapsed from the date of the injury to the date of filing the application for compensation. Welchel appealed from that finding. The superior court denied the appeal and affirmed the finding, and Welchel excepted.

1. "The right to compensation under" the workmen's compensation act "shall be forever barred unless a claim is filed with the Department of Industrial Relations within one year after the accident." Code, § 114-305. The filing of the claim for compensation with the department within the time prescribed is jurisdictional; and unless this is done, the department is without authority to grant the injured employee compensation. *U. S. Casually Co.* v. *Smith,* 162 *Ga.* 130, 133 (133 S. E. 851). See *Clark* v. *Maryland Casually Co.,* 39 *Ga. App.* 668 (148 S. E. 286); *Bussey* v. *Bishop,* 169 *Ga.* 251 (150 S. E. 78, 67 A. L. R. 287). In *While* v. *U. S. Fidelity &c. Co.,* 41 *Ga. App.* 514 (153 S. E. 574), the employee received an eye injury on December 14, 1925, and reported to the doctor of the insurance carrier of his employer, and was treated therefor, but never filed his claim for compensation until February 9, 1927. It was held that his claim was barred, although he had been treated for his eye injury, since it was received by him and his condition had continued to grow worse.

2. The employer is required to report an accident within ten

days after it happens. Code, § 114-716. Where, however, it is not so provided by the compensation act itself (and it is not so provided by the Georgia statute), and in the absence of any fraud on the part of the employer, the employer's mere failure to report the accident as required therein does not toll the running of the statute as to the time for filing a claim for compensation. 71 C. J. 1027, note 71, and cit. The reasoning of this rule is that the failure of the employer to make a report of the accident has nothing whatever to do with the employee's failure to file, or delay in filing, his claim for compensation on account of such accident. Elkhorn Collieries Co. v. Robinson, 234 Ky. 24 (27 S. W. (2d) 393).

3. The evidence in this case does not make a case of fraud sufficient to toll the time for filing a claim for compensation. Code, § 3-807. Where fraud of the employer in dealing with the injured employee serves to toll the running of the statute of limitations, such fraud must clearly appear, before a failure to file a claim in time will be excused. An affirmative act or concealment or misrepresentation preventing an inquiry must exist, to prevent the statute from so operating. 71 C. J. 1026. The fact that the employer fails to file a report of the accident as required by the compensation act does not constitute such a fraud on the employee as will toll the statute. Price v. Kansas City Public-Service Com. (Mo. App.) (42 S. W. (2d) 51), affirmed, 330 Mo. 706 (50 S. W. (2d) 1047).

4. Applying the foregoing rulings, the superior court did not err in affirming the finding of the Department of Industrial Relations.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*