28519. WILLIAMS *v.* CAMPBELL CONSTRUCTION
COMPANY.

DECIDED OCTOBER 16, 1940.

*C. B. McCullar,* for plaintiff.

SUTTON, J. 1. The workmen's compensation act provides that the right to compensation shall be forever barred unless a claim be filed with the Industrial Board within one year after the accident to the injured employee, except in certain cases named in the act. Code, §§ 114-305, 114-306; *White* v. *United States Fidelity & Guaranty Co.,* 41 *Ga. App.* 514 (153 S. E. 574), and cit.; *Foster* v. *First National Bank,* 56 *Ga. App.* 880 (194 S. E. 225); *Thomas* v. *Lumbermen's Mutual Casualty Co.,* 57 *Ga. App.* 434 (195 S. E. 894). The filing of the claim within the time prescribed is essential to enforce the right to compensation fixed by the statute,

382

and is jurisdictional. *Porter* v. *Liberty Mutual Ins. Co.*, 46 *Ga. App.* 86, 88 (166 S. E. 675) ; *Attaway* v. *First National Bank*, 49 *Ga. App.* 270 (175 S. E. 258) ; *Whelchel* v. *American Mutual &c. Ins. Co.*, 54 *Ga. App.* 511, 512 (188 S. E. 357) ; *U. S. Casualty Co.* v. *Smith*, 162 *Ga.* 130, 133 (133 S. E. 851) ; *Bussey* v. *Bishop*, 169 *Ga.* 251 (150 S. E. 78).

2. Under the law and the undisputed facts showing that the claimant sustained an injury to his eyes before the year 1932, the exact date being undetermined, but did not file any claim until June 23, 1938, when he sought compensation on the ground that on or about January 1, 1938, he became totally blind as a result of the injury sustained several years before, and it not appearing that any fact existed to bring the filing of the claim within any of the exceptions provided by the statute, his right to compensation was barred by the statute, and the director properly so found, and accordingly did not err in dismissing the claim. While the board found as a fact that the total disability of the claimant was not due to the original injury, the award was made and the claim was dismissed on the ground that the claim was barred by the statute as above stated. In the award by the director it was stated: "This director finds as a matter of fact and rules as a matter of law that claimant's claim for compensation was not filed within one year after the accidental injury occurred, and therefore his claim for compensation is barred under section 114-305 of the 1933 Code of Georgia, which provides: [quoting the section]." It was further stated: "This case is controlled by the decision in the case of *Clark* v. *Maryland Casualty Co.*, 39 *Ga. App.* 668 (148 S. E. 286). In the instant case claimant contends that his injury occurred eight or ten years prior to the time he filed his claim for compensation; that immediately following the injury he suffered pain and disability, and his condition had gradually grown worse until, on or about January 1, 1938, he suffered a total loss of vision in both eyes; and the only excuse he gives for not filing a claim for compensation earlier is that when the injury occurred that he did not know anything about the Industrial Commission. Therefore it is clearly established that the claim for compensation was not filed within one year from the date of the accident." The superior court did not err in affirming the dismissal of the claim because it was barred by the statute.

*Judgment affirmed. Felton, J., concurs. Stephens, P. J., concurs specially.*

STEPHENS, P. J., concurring specially. I am not prepared to agree with my colleagues that the right of the claimant to compensation is barred after the expiration of twelve months from the date of the accident, where it appears that the injury sustained as a result of the accident does not develop until after the expiration of a year from the date of the accident. However, it appears that Director Monroe, in finding against compensation, found that the alleged injury was not a result of the alleged accident, but resulted from other causes, as follows: "This director finds as a matter of fact . . that claimant's loss of vision in his eyes did not result from the accidental injury alleged to have been sustained in 1928 or 1931, but that his loss of vision is due to the disease of glaucoma which did not result from, nor was aggravated by, the accidental injury sustained by him sometime during September 1928." The evidence before the director sustains this finding. The board approved this finding, and on appeal to the superior court the award of the Industrial Board was affirmed. On the ground that the judgment of the director was authorized by the evidence I concur in the judgment of affirmance.