LIBERTY MUTUAL INSURANCE COMPANY *et al.*
*v.* RAGAN.

No. 13593.   MARCH 14, 1941.   REHEARING DENIED MARCH 29, 1941.

*Neely, Marshall & Greene,* for plaintiffs.

*T. Elton Drake, Ben H. Berry,* and *Mildred Kingloff,* for defendants.

GRICE, Justice. It is the insistence of the plaintiffs, that Ragan is the immediate employer against whom the claim for compensation shall be in the first instance presented, before in any event they are liable under the Code, § 114-112; that Ragan fraudulently represented to the board that he had regularly in service at the time less than ten employees (Code, § 114-107), so as to

render the law inapplicable to him; that the workmen's compensation act makes no provision for introduction of evidence on the hearing of an appeal in the superior court, as ruled in *Burdett* v. *Ætna Life Insurance Co.*, 40 *Ga. App.* 92 (149 S. E. 55), and other cases; and that the facts upon which the superior court was authorized to exercise jurisdiction were those, and only those, contained in the record transmitted to it by the Department of Industrial Relations (*Department of Industrial Relations* v. *Travelers Insurance Company,* 177 *Ga.* 669, 672, 170 S. E. 883); that they have a right to have the Industrial Board consider and hear the evidence with respect to the alleged fraud of Ragan and determine for itself whether at the time of Kinsey's injury he did not have as many as ten employees; that they produced at the injunction hearing substantial proof to sustain their contention that the judge, although evidence was in conflict, abused his discretion in not remanding the case to the Industrial Board for another hearing in order that plaintiffs may present to the board the evidence as to this matter which has been discovered by them since the hearing before the board. The only exception is to the denial of the injunction. The only matter which the petition seeks to enjoin is the prosecution of the appeal. The order denying the injunction begins with a recital that "The within case coming on to be heard in conjunction with the appeal of Liberty Mutual Insurance Company et al. *v.* J. R. Kinsey et al., No. 131215, Fulton Superior Court, together with other evidence introduced in the hearing in this case," but the record contains nothing more as to what became of the appeal. The prayer for injunction is only incidental to the real relief prayed for, to wit, that the case be remanded to the Industrial Board for further hearing and findings of fact, for that, as they contend, there is certain newly discovered evidence which came to their knowledge after the hearing, to obtain which they have used due diligence, and which, had they an opportunity to present the same to the board, would require a finding that the award should not have been made against them. In its essence this is an effort to obtain, by decree of an equity court, a setting aside of the award and a grant of a new hearing on the ground of newly discovered evidence. There is no provision of law authorizing the judge of the superior court to set aside an award of the Industrial Board on the ground of newly discovered evidence.

*White Provision Co.* v. *Culbreath,* 58 *Ga. App.* 628 (199 S. E. 318). See *Continental Casualty Co.* v. *Caldwell,* 55 *Ga. App.* 17, 19 (189 S. E. 408). Equity is ancillary, not antagonistic, to the law. Code, § 37-103. The grounds upon which the superior court may set aside an order or decree of the Department of Industrial Relations are set forth in the Code, § 114-710; and after naming them the section continues: "No order or decree of the Department shall be set aside by the court upon any grounds other than one or more of the grounds above stated. If not set aside upon one or more of such stated grounds, the court shall affirm the order, judgment, decree, or decision of the Department so appealed from." Newly discovered evidence is not one of the stated grounds. This section does, however, declare that upon the hearing of the appeal the court shall set aside the order or decree if be it found that "the order or decree was procured by fraud." The court does this, not in the exercise of its equitable powers, but its appellate powers. Compare *Hartford Accident & Indemnity Co.* v. *Cox,* 191 *Ga.* 143 (11 S. E. 2d, 661).

The complainants herein were not attempting to show *upon the hearing of the appeal* that the order or decree was procured by fraud, but they were seeking to enjoin the hearing. They were not calling on *the court* to find that the award was procured by fraud and to set it aside on that ground, but to remand the case to the Industrial Board with direction to hear evidence as to the contention that it was procured by fraud. It was not erroneous to refuse an injunction.     *Judgment affirmed.   All the Justices concur.*