## 33024.   HARTFORD ACCIDENT AND INDEMNITY CO. *et al v.* GARLAND.

Decided May 12, 1950.   Rehearing denied June 6, 1950.

670

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*W. Neal Baird, Neely, Marshall & Greene,* for plaintiff in error.

*Riordan & Taylor, O. L. Foster,* contra.

GARDNER, J. In the statement of facts, we have used the expression "the insurance carrier claims" and "contends" certain things. In using the words "claims" and "contentions" we do not mean to intimate that the letters were not written, or the contentions not made in good faith. But we simply mean to state that so far as the records are concerned, there are claims and contentions, which as against the claims and contentions of the claimant, would as probably in the record, form an issue of fact for the board to determine. So far as this court is concerned, we are dealing only with the question of law. The carrier contends in the argument of his counsel, that about the time the letter of February 20, 1947 was written, the files and personnel in the State Board of Workmen's Compensation was in a confused state due to change in governors, resulting in change of personnel of the board and therefore the carrier had been presumed to have introduced evidence with reference to having mailed that letter to the board, the board would have probably entertained a different view as to whether the carrier mailed the said letter as claimed, and the refusal to open the case and hear such testimony regarding the mailing of the letter, was an abuse of discretion on the part of the hearing director in rendering the award and on the part of the full board in affirming it, and a reversible error of law on the part of the judge of the superior court in upholding the award. It is clear, therefore, that the only question for this court to decide is: Was an abuse of discretion shown by the record on the part of the State Board of Workmen's Compensation? It is the general law, so far as we know it, that when a judicial tribunal or quasi-judicial tri-

bunal has closed a hearing for the taking of evidence, that it is within the discretion of such tribunal as to whether the case be reopened for the taking of further testimony. This rule of general practice has many savory effects. We will not go into them here. Even though the statute of limitations has run against the claimant, the insurance carrier and employer could, as a matter of law, have waived this limitation. See, in this connection, *St. Paul Mercury & Indemnity Co.* v. *Oakley,* 73 *Ga. App.* 97 (35 S. E. 2d, 562). The question here before us is in the nature of newly discovered evidence, and insofar as the judge of the superior court is concerned, in an appeal to it, that court is without authority to disturb an award of the board on account of newly discovered evidence. See, in this connection, *White Provision Co.* v. *Culbreath,* 58 *Ga. App.* 628 (3) (199 S. E. 318), citing Code § 114-710.

The court did not err in affirming the award of the State Board of Workmen's Compensation.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*