33829. WOMACK *v.* UNITED STATES FIDELITY & GUARANTY CO. *et al.*

Decided March 8, 1952.

*Lewis & Rozier, Randall Evans Jr.,* for plaintiff.

*John F. Hardin, Julian J. Willingham,* for defendants.

TOWNSEND, J. (After stating the foregoing facts.) ■ ■ This question is controlled by *Ayers* v. *Aetna Casualty & Surety Co.,* 71 *Ga. App.* 327 (30 S. E. 2d, 811), in which it was held that testimony of a witness to the effect that he wrote and mailed a letter sufficient to constitute a claim for workmen's compensation, properly addressed and containing sufficient postage, is sufficient to raise the presumption that the same was received by the addressee; and, where such testimony was uncontradicted and no one testified that the letter had not been received by the board, was sufficient evidence to support a finding that a claim had been filed within the period of the statute of limitations. This question must be answered in the affirmative.

■ The State Board of Workmen's Compensation was created in the form of an Industrial Commission in 1920 (Ga. L. 1920, pp. 167, 193). In 1931 (Ga. L. 1931, pp. 7, 43) the Industrial Commission was abolished and its powers, duties, and functions were transferred to the directors of the Department of Industrial Relations. Code § 54-109 provided that the office of the Department of Industrial Relations be kept in the Capitol. This chapter was abolished in 1937 (Ga. L. 1937, pp. 230, 232) with the creation of a Department of Industrial Relations, the act providing that any reference to the Department of Industrial Relations should thereafter be deemed to refer to the Industrial Board, which was created within the Department of Labor; and the Commissioner of Labor was authorized to "keep and maintain the Department of Labor in the City of Atlanta, Georgia." In 1943 (Ga. L. 1943, p. 167) the Industrial Board was abolished and the Board of Workmen's Compensation was created within

the Department of Labor, it having the same duties, powers, and functions. Further, in 1929 (Ga. L. 1929, p. 54), expenditures were authorized for the purchase of property on Capitol Square in the City of Atlanta, on which the State Office Building, which in 1948 housed the Board of Workmen's Compensation, was erected. Code § 91-402 provides that the Governor shall assign rooms in the Capitol to all officers who are required to hold offices there. Rooms were assigned to the board in the State Office Building, which is used for such offices and is located on Capitol Square. Therefore, a letter addressed to "Industrial Board, State Capitol, Atlanta, Georgia" is, in legal contemplation, the same as a letter addressed to the "State Board of Workmen's Compensation, Capitol Square, Atlanta, Georgia," which is the contemporary nomenclature and location of this department. There is also testimony in the record that letters so addressed are frequently received by the board in the regular course of its business, and it must therefore be held that the address upon the letter in question was a proper address, and that the presumption would arise that it was received in the due course of mail. As to the amount of postage, the witness only testified that she "stamped and mailed" it. No cross-examination was directed to the sufficiency of the postage or the denomination of the stamp, and no question was raised on this issue. It might easily have been clarified at the time of the hearing, but, as this was not done, this case will not be reversed on the mere assumption that an incorrect amount of postage was used. The testimony as to the mailing of this letter, under the circumstances of this case, is sufficient to raise a presumption that it was received by the addressee. See *Sinclair Refining Co.* v. *Giddens*, 54 *Ga. App.* 69 (5) (187 S. E. 201). This question must be answered in the affirmative.

■ As to the power of the superior court to entertain the extraordinary motion filed while this case was pending therein on appeal, and after the time for appeal had passed, which motion sought to set up as a new ground of appeal fraud in the procurement of the decree, evidence of which was allegedly procured after the rendition of the award—it must first be noted that the appellants, in order to sustain their position, must (a) rely upon newly discovered evidence not in the record, and (b)

present such evidence to the superior court. It was held in *Hartford Accident &c. Co.* v. *Garland,* 81 *Ga. App.* 667, 671 (59 S. E. 2d, 560), that newly discovered evidence relating to the mailing of a letter to the State Board of Workmen's Compensation, the original of which had not been found in its files, was a question for the board so long as the case was pending before it, and that, "insofar as the judge of the superior court is concerned, in an appeal to it, that court is without authority to disturb an award of the board on account of newly discovered evidence." See also *White Provision Co.* v. *Culbreath,* 58 *Ga. App.* 628 (3) (199 S. E. 318); *Continental Casualty Co.* v. *Caldwell,* 55 *Ga. App.* 17, 19 (189 S. E. 408). Nor is there any provision of law for the hearing of evidence on an appeal in the superior court. *Burdett* v. *Aetna Life Insurance Co.,* 40 *Ga. App.* 92 (149 S. E. 55); *Liberty Mutual Ins. Co.* v. *Ragan,* 191 *Ga.* 811 (14 S. E. 2d, 88). The latter case, which is cited by the plaintiff in error, upholds this decision in this regard, although the question there decided was based upon the question of whether a court of equity would be authorized to enjoin an appeal because of such evidence tending to show fraud on the part of the employer. *Hartford Accident &c. Co.* v. *Cox,* 191 *Ga.* 143 (11 S. E. 2d, 661), also cited by the appellants, holds to the effect that, where a case is reversed on the ground of insufficient evidence, this judgment being in itself proper, the court may further recommit the controversy to the board for the purpose of taking additional evidence upon the issues specified by the court. Nothing therein stated in the opinion of this court warrants the conclusion that the judge of the superior court might as a discretionary matter remand the case for the purpose of hearing newly discovered evidence where nothing within the record warrants a reversal thereof.

The judge of the superior court erred in reversing the award of the full board.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*