### 37440. ANDERSON *v.* LOCKHEED AIRCRAFT CORPORATION *et al.*

DECIDED JANUARY 15, 1959.

*Maddox & Maddox, James Maddox,* for plaintiff in error.

*Smith, Swift, Currie & McGhee, Frank M. Swift,* contra.

QUILLIAN, Judge. The sole question is whether there was any evidence to support the award of the Workmen's Compensation Board. *Maryland Cas. Co. v. Hopkins,* 71 *Ga. App.* 175 (30 S. E. 2d 357).

The claim for compensation was filed on November 7, 1956. There was a doctor's report admitted in evidence which states that he treated the claimant for the injury on which the claimant is basing his right to compensation, on November 2, 1955.

The claimant also testified in part that: He worked the entire week of the accident and then took the next week off; he then returned to the job and worked the following week. The payroll records of the employer were introduced in evidence and they disclosed in part that: the claimant worked November 1, 2, 3, and 4, 1955; he drew sick leave while absent from work on

November 7, 8, 9, 10, and 11, 1955; that he worked 14, 15, 16, 17, and 18, 1955. The payroll records considered in conjunction with the testimony of the claimant that he worked the week of the accident and then was out the next week and then returned the following week, would be some evidence of the fact that the injury occurred during the work week ending November 4, 1955.

While the doctor's report is sufficient to support the finding that the injury occurred on November 2, 1955, assuming that it was not, the payroll records in conjunction with the claimant's testimony would be sufficient evidence to support the finding of fact that the injury was barred by the statute of limitations. Where there is competent evidence to support a particular finding of fact, though the compensation board predicates its finding upon an erroneous theory, the award will not be set aside. *American Mutual Liability Ins. Co.* v. *Sisson,* 198 *Ga.* 623 (32 S. E. 2d 295).

The judge did not err in affirming the award of the Workmen's Compensation Board.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*