38090. BAYNES *et al. v.* LIBERTY MUTUAL INSURANCE COMPANY *et al.*

DECIDED JANUARY 21, 1960.

*Harbin M. King,* for plaintiffs in error.

*Henry A. Stewart, Sr.,* contra.

GARDNER, Presiding Judge. Counsel for the employer and insurance carrier argue that the provisions of the Workmen's Compensation Act must be construed reasonably and liberally with a view of applying the beneficent provisions of the statute so as to effectuate its purpose. This is a correct principle of law generally, but of course the appellate courts have some leeway in deciding how to apply the rule. It is also true, as contended, that in order to recover for an injury under the provisions of the Workmen's Compensation Act, it must appear that the injury arose out of, and in the course of employment, and that the accident was within the purview of the act. We are of the opinion that the record in the instant case will measure up to these requirements. While the evidence is not as full as is the evidence in most workmen's compensation cases, still, this court cannot say there was *no* evidence to support the findings of fact and award. We see no good reason to discuss the many cases cited and discussed by counsel on behalf of the widow and minor daughter of the deceased, since this court is still bound to affirm the award of the State Board of Workmen's Compensation if the findings of fact and award are supported by *any* facts. In *General Accident, Fire &c. Assurance Corp.* v. *Rhodes,* 83 *Ga. App.* 837 (1) (65 S. E. 2d 254), this court said: "An award made upon review by all of the directors of the State Board of Workmen's Compensation under Code § 114-708, affirming a previous award by one director upon issues of fact, is conclusive as to those issues if there is any evidence to sustain it. *Fralish* v. *Royal Indemnity Co.,* 53 *Ga. App.* 557 (186 S. E. 567); *Merry Bros. Brick & Tile Co.* v. *Holmes,* 57 *Ga. App.* 281 (195 S. E. 223); *Peninsular Life Ins. Co.* v. *Brand,* 57 *Ga. App.* 526 (196

S. E. 264); *American Mutual Liability Ins. Co. v. Jenkins*, 63 *Ga. App.* 777 (12 S. E. 2d 80); *Maryland Casualty Co. v. Sanders*, 182 *Ga.* 594 (186 S. E. 693); *Webb* v. *General Accident, Fire & Life Ins. Co.*, 72 *Ga. App.* 127 (33 S. E. 2d 273)." There is evidence authorizing the award of the single director in denying compensation, which award was affirmed by the full board, and the superior court did not err in sustaining the award.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*