40179. DAVIDSON v. FIDELITY & CASUALTY
COMPANY OF NEW YORK et al.

JORDAN, Judge. This is a workmen's compensation case. On January 5, 1961, Calvin W. Davidson, while employed by Wright Contracting Company on a bridge construction project, fell from a scaffold and sustained injuries to his left shoulder and side. An agreement to pay compensation was entered into by the parties and approved by the board on January 31, 1961, and compensation payments in the amount

of $30 per week were commenced on January 12, 1961. A final settlement receipt was received by the board on May 3, 1961, which stipulated that claimant was able to return to work on April 3, 1961. The claimant returned to work on April 3, 1961, and worked regularly until July, 1961, when he was involved in an automobile collision in which he sustained injuries to his neck. As a result of these injuries the claimant was out of work from July 28, 1961, until September 28, 1961, when he again returned to work and worked until February 10, 1962, when he quit his employment without giving prior notice to the employer. On March 26, 1962, the claimant filed an application with the State Board of Workmen's Compensation requesting a hearing on the grounds of a change in condition. A hearing was conducted by a deputy director of the board who entered an award denying compensation. The full board on appeal adopted the findings of fact of the deputy director, and entered an award denying compensation. This award was affirmed on appeal to the Superior Court of Fulton County, and the exception is to that judgment. *Held:*

"Where, as here, a hearing director of the State Board of Workmen's Compensation finds against a claimant, and the full board affirms the award, the appellate courts are bound by precedents reflected by decisions holding that if there is any evidence to support the findings of fact and award of the State Board of Workmen's Compensation, such award must be affirmed." *Baynes v. Liberty Mut. Ins. Co.*, 101 Ga. App. 85 (112 SE2d 826). Under the record in this case which disclosed that the claimant returned to work on April 3, 1961, and worked regularly, without making complaint of inability to perform his required duties or consulting a physician, until the non-work related automobile collision of July, 1961, when he sustained certain injuries to his neck which under the medical testimony could have been the producing cause of the claimant's alleged disability, it cannot be said that the findings of fact and award of the board were without evidence to support them. Accordingly, the denial of compensation being authorized by the evidence and there being no errors of law which require a reversal of this case, the judgment of the superior court is affirmed.

*Judgment affirmed.    Nichols, P. J., and Frankum, J., concur.*

DECIDED JUNE 18, 1963.

*James I. Parker, Forrest C. Oates, Jr.,* for plaintiff in error.
*Smith, Field, Ringel, Martin & Carr, Charles L. Drew,* contra.