### 46920. HARTFORD ACCIDENT & INDEMNITY COMPANY et al. v. SNYDER.

EBERHARDT, Judge. In this workmen's compensation case it appears that the claimant suffered a compensable injury on or about January 9, 1969. He was out for medical treatment for some time, but returned to work in May and continued until in January, 1970. No claim for compensation was filed until October 10, 1970.

The hearing director found that there was nothing in the evidence, including the claimant's testimony, relating his injury to anything other than the accident of January 9, 1969. Accordingly, he found the claim to have been barred. On appeal to the full board the director's findings were adopted, and the director's award dismissing the claim was likewise adopted. On appeal to the superior court the award was set aside and the matter was remanded with direction to consider two letters directed to the board, one by claimant's attorneys and one by the employer-insurer's attorneys, and make further findings. The employer-insurer appeals, enumerating the remand as error, and also enumerating other matters which will appear from the opinion. *Held:*

1. Enumeration of error number 2 is without merit. Whether the discovery deposition of the employee was tendered in evidence before the deputy director (his finding and award indicating that it was not), is immaterial for several reasons. First, although the deputy director indicates that he did not take this deposition into account, the award of the full board recites that "after hearing argument and after careful and painstaking review of the *entire record* the majority of the full board is of the opinion that there is ample evidence to support the findings of the deputy director and makes said findings its findings of fact." Thus, as we read it, the full board did consider the deposition.

Secondly, a reading of the deposition discloses that it is cumulative only of the testimony of the employee deliv-

ered before the deputy director, and if it were error to fail to consider it the error was harmless.

Thirdly, examination of the record confirms the assertion of the deputy director in his findings and award that the deposition was never tendered in evidence. "Although a deposition taken by one of the parties to a workmen's compensation case is a part of the file sent to this court, it will not be considered if it was not introduced in evidence before the board. *Smith v. Continental Cas. Co.,* 102 Ga. App. 559 (2) (116 SE2d 888); *Howell v. Federated Mut. &c. Ins. Co.,* 114 Ga. App. 321 (1) (151 SE2d 159)." *Jackson v. U. S. Fidel. &c. Co.,* 119 Ga. App. 111 (2) (166 SE2d 426).

2. However, enumerations of error numbered 3 and 4 are meritorious. The order setting aside the award is grounded upon a surmised failure of the full board to consider two letters addressed to the board. One of them was written by counsel for the employee dated August 4, 1971 (while the matter was pending before the full board), in which it was asserted: "The purpose of this letter is to inform you of certain newly discovered facts which we believe to be relevant in this matter and to request appropriate relief. The claimant, Charlie Snyder, has no formal education and can neither read nor write. Further, because of claimant's illiteracy he has not been able to properly communicate with his attorney," and that "on Saturday, August 1, 1971, the claimant informed his attorney for the first time that the reason for claimant's delay in filing his claim in the caption matter was that he had been assured by his employer, or agents acting on behalf of his employer, that his medical bills would be paid by the employer and that he would receive a compromised settlement in addition to the medical payments." The other letter was written by counsel for the employer, dated August 6, 1971, and urged that the request of claimant's counsel be disregarded because the alleged newly discovered evidence was not in fact newly discovered, and that it has been discussed in the discov-

ery deposition of claimant on December 3, 1970, in the presence of claimant's counsel.

The discovery deposition does reveal that claimant was asked whether he had been paid anything, and whether his medical expenses had been paid, and he asserted that nothing had been paid. He was then shown a release, purporting to have been signed by his making his mark and witnessed by one of his employers, indicating a payment of $1,831.62, but he still maintained that he had not been paid anything. When asked as to whether he had made his mark on it he answered "Yeah, I believe I did mark one whenever Frank (his employer), he signed some papers or something or other down there."

This would indicate that the general subject matter of the medical expenses and of a settlement was brought up in connection with the deposition, which was taken December 3, 1970. Further, even if the evidence were "newly discovered," it was new only to claimant's counsel, who obtained the very information from the claimant himself. It is untenable to conclude that the claimant had not known these facts all along. Evidence known to a party at the time of the trial or hearing is not newly discovered, though it was not known to his counsel until afterwards. *Brown v. State,* 51 Ga. 502 (2); *Young v. State,* 56 Ga. 403 (2); *Beck v. State,* 65 Ga. 766 (2); *Wright v. State,* 49 Ga. App. 342 (175 SE 487). The matters refered to as "newly discovered facts" simply were not "newly discovered" within contemplation of the law.

3. The appeal to the full board is a de novo proceeding, but it is discretionary with the board as to whether it will hear new or additional evidence (*Code Ann.* § 114-708), and its discretion is not to be disturbed unless it has been manifestly abused. This applies when there is a claim of "new evidence," and in that situation the board is to be guided by the principles applicable in the courts in passing on motions for new trial based on newly discovered evidence. *Continental Ins. Co. v. McDaniel,* 118 Ga. App. 344, 345 (163 SE2d 923), and cits.

Applying these principles it becomes obvious immediately that the letter of claimant's attorney to the board falls far short of the requirement of showing that he has newly discovered evidence. See *James v. State,* 115 Ga. App. 822 (156 SE2d 183) and citations.

4. That there is no order in the record, or reference to the letters, to indicate whether the board considered them does not mean that they were not considered. In a similar situation we held in *Insurance Co. of N. A. v. Dimaio,* 120 Ga. App. 214 (2) (170 SE2d 258) that "We may assume that the board considered the application and found it to be without merit." There is a presumption that all officials perform their duties in accord with the requirements of the law. *Marshall v. Russell,* 222 Ga. 490 (1) (150 SE2d 667), and where there is nothing in the record to show that the board did not consider the letters and exercise its discretion, or that it abused its discretion in this respect, it is presumed that it did consider them and in the exercise of its discretion denied the application. *Milton v. Mitchell County Elec. &c. Assn.,* 64 Ga. App. 63, 64 (12 SE2d 367); *Chambless v. Oates Plumbing &c. Co.,* 97 Ga. App. 80, 81 (102 SE2d 83). Further, the full board, in its award, asserts that it has considered the "entire record."

It was not necessary that the board enter any order on the application or letter. When an extraordinary motion for new trial based on newly discovered evidence shows on its face that it does not meet the requirements or standards for granting a motion on that ground, or where it shows that the motion is without merit, the judge may decline to entertain it or to enter a rule nisi thereon. *Harris v. Roan,* 119 Ga. 379 (5) (46 SE 433); *Fulford v. State,* 222 Ga. 846 (152 SE2d 845); *Loomis v. Edwards,* 80 Ga. App. 396 (56 SE2d 183). The board was authorized to do likewise.

5. Moreover, "insofar as the judge of the superior court is concerned, in an appeal to it [of a compensation case], that court is without authority to disturb an award of

the board on account of newly discovered evidence." *Hartford Acc. &c. Co. v. Garland,* 81 Ga. App. 667, 671 (59 SE2d 560). Accord: *White Provision Co. v. Culbreath,* 58 Ga. App. 628 (3) (199 SE 318); *Liberty Mut. Ins. Co. v. Ragan,* 191 Ga. 811 (14 SE2d 88).

6. On appeal a compensation case may not be remanded to the board for newly discovered evidence. *Continental Cas. Co. v. Caldwell,* 55 Ga. App. 17, 19 (189 SE 408); *Womack v. U. S. Fidel. &c. Co.,* 85 Ga. App. 564 (2b) (69 SE2d 812). Of course, if the award were unsupported by competent evidence in the record, the matter could be remanded to the board for hearing further evidence—whether newly discovered or not—but where there is evidence in the record which does support the award made, neither the superior court nor this court may do so. *Thompson-Weinman Co. v. Yancey,* 90 Ga. App. 213, 222 (82 SE2d 725); *Hartford Acc. &c. Co. v. Cox,* 191 Ga. 143 (11 SE2d 661).

7. There is no provision of law for the hearing of evidence on appeal in the superior court. *Liberty Mut. Ins. Co. v. Ragan,* 191 Ga. 811, supra; *Burdett v. Aetna Life Ins. Co.,* 40 Ga. App. 92 (149 SE 55); *Womack v. U. S. Fidel. &c. Co.,* 85 Ga. App. 564, 569, supra. It was error, therefore, for the court to admit and consider copies of the two letters directed to the board. "The facts upon which the superior court was authorized to exercise jurisdiction were those, *and only those,* contained in the record transmitted to it by the department of industrial relations." (Emphasis supplied.) *Dept. of Ind. Rel. v. Travelers Ins. Co.,* 177 Ga. 669, 672 (170 SE 883). Accord: *City of Hapeville v. Preston,* 67 Ga. App. 350, 356 (20 SE2d 202).

8. There is ample evidence in the record to authorize, if not demand, a finding that the injury was suffered May 23, 1969, and the claim for compensation was not filed until October 10, 1970, and both the deputy director and a majority of the full board so found, and on this basis denied compensation. In this situation some evidence is

enough. *Anderson v. Lockheed Aircraft Corp.,* 98 Ga. App. 814 (107 SE2d 295); *Skinner Poultry Co. v. Mapp,* 98 Ga. App. 772, 774 (106 SE2d 825).

*Code* § 114-305 requires that the claim be filed within one year after the accidental injury and that unless it is so filed the claim is forever barred. The board has no jurisdiction of the matter until the claim is filed, and no compensation can be granted on· a claim filed after expiration of the year. *Welchel v. American Mut. Liab. Ins. Co.,* 54 Ga. App. 511 (188 SE 357); *Bussey v. Bishop,* 169 Ga. 251 (1b) (150 SE 78, 67 ALR 287).

9. The bar of the statute is not removed by the fact that a claimant may have continued in the service of his employer, receiving wages, *New York Indem. Co. v. Allen,* 47 Ga. App. 657 (171 SE 191), or the making of gratuitous contributions by the employer to the employee and his family, or by the making of a purported settlement of his claim (*Attaway v. First Nat. Bank,* 49 Ga. App. 270 (175 SE 258)), or by the payment of his medical expenses (*Thomas v. Lumberman's Mut. Cas. Co.,* 57 Ga. App. 434 (195 SE 894)), or by the payment of wages and the hospital and doctor bills (*Withers v. Fulwood,* 89 Ga. App. 113, 115 (78 SE2d 865)), or by treatment by the employer's physician (*White v. U. S. Fidel. &c. Co.,* 41 Ga. App. 514 (153 SE 574)). Nor does a statement by an employer or his agent to a claimant to the effect that he "would be taken care of" (*Indemnity Ins. Co. v. O'Neal,* 104 Ga. App. 305 (121 SE2d 689)) or by an insurer's physician that "the company will take care of you" (*Welchel v. American Mut. Liab. Ins. Co.,* 54 Ga. App. 511, supra) constitute fraud that will toll the statute as to the time for filing claims. See *Fidelity & Cas. Co. of N. Y. v. Bishop,* 108 Ga. Ap. 422 (133 SE2d 51), and compare *Clinton v. State Farm Mut. Auto. Ins. Co.,* 110 Ga. App. 417 (138 SE2d 687)).

Any agreement to pay compensation must be approved by the board and before it can serve to toll the statute it must be filed with the board within the year. *Baggett*

*Transportation Co. v. Barnes,* 109 Ga. App. 98 (135 SE2d 343). Consequently, the assertion in the letter of claimant's attorney directed to the board that the employer, or his agent, had assured the claimant that the medical bills would be paid and that he would be given a compromise settlement in addition thereto, even if conceded to be true, afforded no basis for tolling the statute as to the time for filing the claim, and could not have justified a different award from that which was made.

10. Since the letter from claimant's counsel falls short of showing any newly discovered evidence, or any other basis for the hearing of additional testimony, and since on appeal to the full board it is discretionary with the board as to whether it will hear additional evidence, and we must presume that the board did consider and deny the application as contained in the letter, and since the letters afforded no basis for a different award, and since the superior court has no power or jurisdiction to hear additional evidence or to set aside an award based on a claim of newly discovered evidence, failure of the board to include the two letters in the certified record sent to the superior court, even if error, was wholly harmless.

11. There is ample evidence in the record to support the award; no error of law appears, and neither the superior court nor this court has authority to set aside the award. *Maryland Cas. Co. v. Sanders,* 182 Ga. 594 (186 SE 693); *Baynes v. Liberty Mut. Ins. Co.,* 101 Ga. App. 85 (112 SE2d 826); *Davidson v. Fidelity & Cas. Co.,* 108 Ga. App. 51 (131 SE2d 863).

This disposes of all enumerations of error.

*The judgment setting aside the award and remanding the case to the board is reversed. Bell, C. J., concurs. Evans, J., concurs in the judgment.*

SUBMITTED JANUARY 31, 1972—DECIDED APRIL 4, 1972.

*L. Hugh Kemp,* for appellants.
*Stolz, Fletcher & Watson, Dennis Watson,* for appellee.