34063.  STANDARD ACCIDENT INSURANCE CO. *v.* GULLEDGE *et al.*

GARDNER, P.J.  (1) This is a compensation case. The parties are Dean Gulledge, claimant, a resident of Fulton County, Ga., and Sam Finley Inc., Atlanta, Georgia, the employer, and the insurance carriers, Standard Accident Insurance Company and Fidelity & Casualty Company. The employer was engaged in the construction business in several States. The insurance carriers were licensed to sell workmen's compensation insurance within the State of Georgia. Thus, the Georgia State Board of Workmen's Compensation has jurisdiction of all the parties. This is undisputed. The claimant was employed in Atlanta to do work in the State of Tennessee, and was there employed at the time of the compensable injury. When the claimant received the injury the insurance carrier, Standard Accident Insurance Company, was notified and began paying the claimant for total temporary disability. The payments were made voluntarily by that insurance carrier for a period of nine weeks. There was no award. The claimant returned to his home in Georgia. The payments were discontinued by the Standard Accident Insurance Company. The claimant sought and obtained a hearing before the State Board of Workmen's Compensation for an award covering his injury. The insurance carrier, the Standard Accident Insurance Company, was notified of the hearing in due course of time by the State Board of Workmen's Compensation, and appeared and participated throughout the hearing, examining witnesses and urging its defenses. It urged, among other things, that the Georgia State Board of Workmen's Compensation was without authority to hear and adjudge the claim, since the claimant had received total temporary compensation from the Labor Department (Division of Workmen's Compensation) of the State of Tennessee. It also urged that the Fidelity & Casualty Company was responsible, as an insurance carrier, so far as the hearing in Georgia was concerned. The Fidelity & Casualty Company likewise appeared at the hearing and participated in the proceedings. The Georgia State Board of Workmen's Compensation as a full board issued an award to the effect that the injury received was compensable and that the Fidelity & Casualty Company was the proper insurance carrier responsible to pay the award, and not the Standard Accident Insurance Company. Neither the insurance carriers nor the employer here contest the award as to the compensability of the injury received by the claimant, but the Fidelity & Casualty Company appealed the award to the Superior Court of Fulton County solely on the ground that the Standard Accident Insurance Company and not the Fidelity & Casualty Company was responsible for the payment of the award. The judge of the superior court reversed the award on that one issue to the effect that the Standard Accident Insurance Company was responsible as insurance carrier, and not the Fidelity & Casualty Company, and entered a judgment accordingly, and further found that the evidence demanded a judgment to this effect. The judge of the superior court in reversing the award also directed that the board enter an award against the Standard Accident Insurance Company as carrier. Therefore, the issue for this court to decide is whether or not the judge of the superior court erred in the judgment.

That is, which insurance carrier should pay for the injury received by the employee.

(2) The matter of jurisdiction in this case is one thing. The question of insurance coverage is another thing. Inasmuch as the Georgia State Board of Workmen's Compensation has the power and authority to award compensation against an employer and insurance carrier, the board necessarily has the power and authority to determine coverage. See generally in this connection, *Glens Falls Indemnity Co.* v. *Liberty Mutual Ins. Co.*, 202 *Ga.* 752 (44 S. E. 2d, 543). The evidence in the instant case shows that the Fidelity & Casualty Company had a policy with the employer which provided in part, "It is agreed with respect to operations in the State of Tennessee that this policy affords insurance solely in connection with the Mississippi River embankment job." The claimant was not injured on the Mississippi River embankment job. He was injured on the Clarksville, Tennessee, paving job. The evidence further shows that when the claimant was injured on the Clarksville, Tennesee, paving job, the Standard Accident Insurance Company was notified and accepted the claim, and paid medical and hospital expenses and some compensation, and the records of these payments appear in the evidence in the case before us. From all the evidence in this case the conclusion is inescapable that the Standard Accident Insurance Company received premiums for coverage of injuries received by the employee of the employer, Sam Finley Inc., on jobs in Clarksville, Tennessee. Therefore, we find the situation thus: The Fidelity and Casualty Company policy did not cover the Clarksville, Tennessee, job and the Standard Accident Insurance Company did have coverage for possible injuries received by employees on the Clarksville, Tennessee, job. Able counsel for the Standard Accident Insurance Company in an ingenious and subtle way contend that the judgment of the superior court in reversing the award of the Georgia State Board of Workmen's Compensation was error because the exempting of the Standard Accident Insurance Company by the board was a question of fact as to coverage and not a question of law. Hence, being a question of fact and not of law, the award of the State Board of Workmen's Compensation cannot be disturbed by the judge of the superior court of this State under the provisions of the Workmen's Compensation Act of Georgia. Counsel also contend that the ruling as to the coverage of the policy of the Standard Accident Insurance Company was amenable to and could be reversed by the Labor Department (Division of Workmen's Compensation) authorities of the State of Tennessee, and not by the Georgia State Board of Workmen's Compensation. We do not think this reasoning is sound. Let us look a little further into the situation. When the defendant employer moved his operations into Clarksville, Tennessee, the employer had no coverage of the job at Clarksville, Tennessee, and before the employer could carry on his operations in Clarksville, Tennessee, he was compelled, in order to be within the provisions of the Labor Department in either Georgia or Tennessee, to obtain insurance coverage for the employees who might be injured in the State of Tennessee on the job at Clarksville, Tennessee. While the policy of such coverage might not have been made payable to the employer, as contended by counsel

for the Standard Accident Insurance Company, nevertheless the employer, Sam Finley Inc., in order to carry on his operations in Clarksville, Tennessee, sought and did procure the Standard Accident Insurance Company to cover injuries of the employees of Sam Finley Inc., on the job in Clarksville, Tennessee. The Standard Accident Insurance Company received premiums therefor from the employer and accepted liability for possible injuries and responded when notified that an employee of Sam Finley Inc., had been injured on the Clarksville, Tennessee, job. Then, when the proceedings started in Georgia, and the Standard Accident Insurance Company was notified it came into Georgia and participated in all the proceedings before the Georgia State Board of Workmen's Compensation, and submitted itself to the jurisdiction of the Georgia State Board of Workmen's Compensation both as to the jurisdiction of the Georgia State Board of Workmen's Compensation as to the claim, and as to the coverage. If the Georgia State Board of Workmen's Compensation committed an error under the evidence as to what was the law, it was within the power and authority of the judge of the superior court to correct the award as to the carrier who was responsible for the coverage. The Standard Accident Insurance Company is paying no more than its policy, as an insurance carrier's, bound it to pay—that is, to pay for the compensable injuries received by the employee while on the job in Clarksville, Tennessee.

The judge of the superior court did not err as a matter of law in reversing the award of the Georgia State Board of Workmen's Compensation that the award against the Fidelity & Casualty Company be set aside, and the award be entered against the Standard Accident Insurance Company, the insurance carrier responsible for the payment of the award.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED JUNE 19, 1952—REHEARING DENIED JULY 11, 1952.

*T. Elton Dranke, John M. Williams*, for plaintiff in error.

*George T. Bagby, Roscoe Pickett Jr., Jno. M. Slaton, J. Hugh Rogers*, contra.