## 45341. HAYES v. HIGHLANDS INSURANCE COMPANY et al.

EBERHARDT, Judge. Claimant entered into a written contract with E. G. Layton Construction Company to furnish all labor, materials and supplies and complete the masonry work in a building according to the plans and specifications and directions of the architect who prepared them, furnishing his own tools and equipment and providing workmen's compensation insurance for his employees. In the course of the work it became necessary for Layton to advance funds to claimant for making his payrolls, and to issue checks payable jointly to claimant and the suppliers of materials so that these could be obtained. Neither claimant nor his employees was ever on Layton's payroll. Claimant was free to fix his own work hours, but was required to carry on at a speed which would not delay the general progress of the job and other subcontractors. In the course of performing the masonry work claimant was injured, and he made claim against Layton contending that he was an employee rather than an independent contractor.

After hearing, the single director made findings and entered an award denying compensation. On appeal to the full board the findings and award were adopted. The award was then appealed to Fulton Superior Court, where the matter was remanded for further findings as to whether Layton had assumed any control of claimant in the performance of his work under the contract so as to render him an employee within the meaning of the Act. A further hearing was held, and further findings of fact made that there had been no

control or assumption of control by Layton and that claimant's relationship had been that of independent contractor. Other prior findings were adopted and another award denying compensation was entered. Upon appeal to the superior court that award was affirmed and claimant appeals. *Held:* The evidence in the record amply sustains the findings and award as made, and must be affirmed. *Baynes v. Liberty Mut. Ins. Co.,* 101 Ga. App. 85 (112 SE2d 826); *Davidson v. Fidelity & Cas. Co. of N. Y.,* 108 Ga. App. 51 (131 SE2d 863). Whether the relationship between claimant and Layton was that of master and servant or of employer and independent contractor at times, as it did here, involves a resolution of factual matters (*Liberty Lumber Co. v. Silas,* 49 Ga. App. 262 (175 SE 265)), and when, as here, the board has resolved them, the award based thereon must be affirmed if supported by any evidence.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*

SUBMITTED MAY 5, 1970—DECIDED MAY 14, 1970.

*William R. Parker,* for appellant.

*Greene, Buckley, DeRieux & Jones, Thomas B. Branch, III, Hugh Robinson, Jr.,* for appellees.