## 33829. TRAVELERS INSURANCE COMPANY v. SANFORD et al.

HALL, Justice.

Travelers Insurance Company appeals to this court from a workers' compensation award to the widow and minor children of Alton Sanford. Travelers challenges both the constitutionality and applicability of Rules 600 and 603 of the Workers' Compensation Board, which extend the effectiveness of insurance coverage until a notice of nonrenewal of the policy is sent to the Workers' Compensation Board.

Alton Sanford was killed while repairing a truck on May 17, 1976. Sanford was employed by Marcus Dyer, a subcontractor to the Lothridge Construction Company, on a road construction project. Sanford's widow brought a worker's compensation claim against Dyer as employer, his insurer, Travelers Insurance Company, Lothridge Construction Company and its insurer, Aetna Casualty & Surety Company.

Code Ann. § 114-112 provides that the immediate employer and its insurer are to be held liable first for work-related injuries but that the prime contractor and its insurer are secondarily liable. The immediate employer, Dyer, had only two workers and was not required to provide workers' compensation. Dyer, however, could elect to do so which he did by procuring coverage from Travelers Insurance Company for the year October 1974 to October 1975. Travelers contends that this insurance contract terminated in October 1975 and that Sanford's widow must recover from Aetna, the prime contractor's insurer, for death occurring in 1976. Aetna contends that Travelers' failure to comply with Rules 600 and 603 of the Workers' Compensation Board extended the effectiveness of Dyer's insurance policy with Travelers through the time of the accident. The Workers' Compensation Board agreed with Aetna and found that Travelers is liable. This decision was affirmed by the Superior Court of Hall County. We reverse.

In October 1974 when Dyer and Travelers agreed to the insurance policy, the Workers' Compensation Board required Travelers to file coverage Form A, which

included both a starting and termination date for the contract. Notice to the board of cancellation of the policy was required but not of expiration or nonrenewal. Travelers filed the required Form A.

In June 1975, during the year the Dyer policy was in effect, the board converted to a new system of filing through the promulgation of two new rules. Insurance carriers are now required to file a coverage Form A which has no expiration date but is marked "continuous." Rule 603, State Board of Workers' Compensation (June 1, 1975). This coverage remains effective until notice of cancellation or nonrenewal is received. Rule 600, State Board of Workers' Compensation (June 1, 1975). Travelers did not give this notice.

The new filing system was created to eliminate paperwork. Formerly, yearly refiling was necessary to indicate continued coverage. Now, failure to file creates continued coverage. The Workers' Compensation Board attempted to mesh the old and new systems by requiring notice of nonrenewal but not requiring the filing of the new coverage Form A marked "continuous." This procedure was not sufficiently clear and reasonable to be enforceable. See *Ga. Real Estate Comm. v. Accelerated Courses in Real Estate, Inc.*, 234 Ga. 30 (214 SE2d 495) (1975).

The Workers' Compensation Board may require notice of nonrenewal only for the policies for which the board required the filing of Form A marked "continuous." Presumably all forms filed after June 1, 1975, are required to be the new Form A. Travelers might have been liable if the board had more clearly indicated the applicability of the requirement of notice of nonrenewal to a Form A filed under the old rules. But when violation of a regulation subjects private parties to criminal or civil sanctions, the regulation cannot be construed to mean what the agency intended but did not adequately express. Diamond Roofing Co., Inc. v. OSHA, 528 F2d 645 (5th Cir., 1976).

We note that no hardship will be caused to the board since the old Form A contains an expiration date, which serves the same purpose as a notice of nonrenewal.

The Workers' Compensation Board improperly penalized Travelers for its failure to file a notice of

nonrenewal on a policy with coverage Form A filed prior to June 1, 1975.

Because of our disposition of this issue, we do not consider the constitutional challenge to the rules made by appellant.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

SUBMITTED JULY 14, 1978 — DECIDED OCTOBER 4, 1978.

*Neely, Neely & Player, Edgar A. Neely, Jr., Andrew J. Hamilton,* for appellant.

*Weyman H. Forrester, Kenneth J. VanderHoff, Jr.,* for appellees.