### 56412. HANOVER INSURANCE COMPANY v. SHARPE et al.

QUILLIAN, Presiding Judge.
  This is an appeal from a judgment of the superior court which reversed an award of the State Board of Workers' Compensation (changed from State Board of Workmen's Compensation, Ga. L. 1978, pp. 2220, 2221, effective July 1, 1978).
  The claimant received an injury which arose out of and in the course of his employment on May 30, 1975. The only issue to be determined in this case is who is liable for the payment of the compensation benefits and medical expenses.
  The facts of this case are rather complicated and can best be set forth by quoting the award of the administrative law judge and the full board.
  The pertinent part of the administrative law judge's award read:
  "2. That Pearson Mills, Inc. became self-insured with the State Board of Workmen's Compensation on August 30, 1954 and Hanover Insurance Company posted a $10,000 bond to cover the Pearson Mills Workmen's Compensation claims; and that this bond is still effective and was in effect on May 30, 1975, the date of the accident involved in this claim.
  "3. That on August 24, 1973, the individual

existence of Pearson Mills, Inc., Fort Valley, Georgia, ceased and was legally merged into Rivers Industries, Inc., Macon, Georgia; that this merger was approved by the Superior Court of Bibb County on August 24, 1973; and that on August 24, 1973, Rivers Industries, Inc. became responsible and liable for all the liabilities and obligations of Pearson Mills, Inc.

"4. That judicial notice of the records in the State Workmen's Compensation files shows that Policy No. WC 45 12 76 covering Rivers Industries, Inc., Macon, Georgia, was issued by Hanover Insurance Company, effective January 27, 1975 and expiring January 27, 1976, and insuring Rivers Industries, Inc. under the Workmen's Compensation laws of this State.

"5. That judicial notice of the records of the State Workmen's Compensation files shows that Policy No. WC 38 85 78 covering Rivers Industries, Inc., Macon, Georgia, was issued by Hanover Insurance Company, effective August 1, 1974 and expiring August 1, 1975, insuring Rivers Industries, Inc. under the Workmen's Compensation laws of this State.

"6. That judicial notice of the records in the State Workmen's Compensation files show that Policy No. 6 UB570A 441-7-74 covering Rivers Industries, Inc., Macon, Georgia, was issued by Travelers Insurance Company, effective November 20, 1974 and expiring November 20, 1975, insuring Rivers Industries, Inc. under the Workmen's Compensation laws of this State.

"7. That although the Pearson Mills plant remained self-insured, the above-enumerated Workmen's Compensation insurance policies covering Rivers Industries, Inc. are also liable for claimant's Workmen's Compensation claim.

"8. That claimant had worked for Pearson Mills, Inc. in Fort Valley, Georgia, on three occasions in the past 16 years; that on May 30, 1975, he was in the general employ of Pearson Mills, Inc. and had been so employed for a little over a year; that his average wage was $209.00 for a 60-hour week for the 13-week period immediately prior to the accident; that claimant and defendant, Rivers Industries, Inc. d/b/a Pearson Mills, Inc., are subject to the Workmen's Compensation Act; that claimant was

employed as a truck driver hauling lumber, paneling, veneer, plywood, logs and chips; that on May 30, 1975, he sustained an accident arising out of and in the course of his employment with the Pearson Mills plant when he injured his back while climbing down from his loaded truck in Peach County, Georgia; that he became disabled on May 31, 1975 and remained totally disabled until December 10, 1975 when he underwent a change in condition to no disability; that timely notice of the injury was made to Hope Bennett, his supervisor and the plant manager; and that he is not presently limited in the performance of his work by his work-related injury.

"9. That Hope Bennett, his supervisor and the plant manager, advised him to go to any doctors he wished for the treatment of his job-related injury and later specifically recommended the chiropractor, Dr. Brann. Claimant sustained medical expenses as follows: Grantham and Duke, M.D., P.C., 700 Knoxville Street, Fort Valley, Georgia, $354.00; Dr. Cowan, Amount Unknown; Brann Chiropractic Clinic, Fort Valley, Georgia, $427.00; Peach County Hospital, Fort Valley, Georgia, $249.15; Wirsing Drug Co., Fort Valley, Georgia, $107.80.

"These expenses were medical expenses reasonably required to effect a cure and give relief to the claimant's injury-resultant condition as those terms are used in Code Chapter 114-5.

"10. That claimant was paid his full salary for a period of two weeks subsequent to the work-related injury and that compensation should not be allowed for this two-week period.

"Award

"Wherefore, based on the above and foregoing Findings of Fact and the conclusions of law applicable thereto, the defendants, Pearson Mills/Rivers Industries, Inc., Rivers-Horton Industries, employers, and Travelers Insurance Company and Hanover Insurance Company, Insurers, and Hanover Insurance Company's bond of $10,000, are directed to pay Henry C. Sharpe the sum of $95.00 per week for the period from June 16, 1975 until December 9, 1975.

"The defendants, Pearson Mills/Rivers Industries,

Inc., Rivers-Horton Industries, employers, and Travelers Insurance Company and Hanover Insurance Company, insurers, and Hanover Insurance Company's bond of $10,000 are further directed to pay the reasonable medical expenses set out in the Findings of Fact. If there is any dispute as to the reasonableness of Dr. Cowan's bill, a hearing may be requested by any party to resolve the dispute. The provisions of this paragraph alone are interlocutory in nature."

The pertinent part of the award of the full board read:

"Findings of fact and conclusions of law

"Upon de novo consideration of all the evidence the Board makes the findings and conclusions of the Administrative Law Judge its findings and conclusions except as inconsistent with the following:

"a. When Pearson Mills merged into Rivers Industries, Inc., it ceased to exist as a separate entity providing self-insured coverage. The self-insurance bond covered a nonexistent employer and became inoperative as of August 24, 1973, as to job-related injuries occurring thereafter.

"b. Pearson Mills' permit to be a self-insurer expired when Pearson Mills ceased to exist.

"c. Hanover Insurance Company and Travelers Insurance Company are severally and jointly liable for claimant's compensation because both insured Rivers Industries, Inc., on the day of injury.

"Award

"Based on the above, the Board substitutes for the award of Judge Mahan dated March 1, 1977, its award as follows:

"Rivers Industries, Inc., employer, and Hanover Insurance Company and Travelers Insurance Company, insurers, are directed to pay compensation to Henry C. Sharpe, claimant, at the rate of $95.00 per week, commencing May 31, 1975, and continuing until December 9, 1975, less credit for weeks during which claimant was paid salary in lieu of compensation." *Held:*

1. The full board in effect held that Hanover Insurance Company was released from its liability under the bond which it had posted for Pearson Mills, Inc. when

it was a self insurer. This finding of the board was correct. When Pearson Mills, Inc. was merged with Rivers Industries, Inc. on August 24, 1973 Pearson Mills, Inc. ceased to exist as a corporate entity. Under the merger Rivers Industries, Inc. became responsible for the obligations of Pearson Mills, Inc. Pearson Mills, Inc. having ceased to exist it could not be a self insurer and therefore Hanover Insurance Company was released from its bond when the merger took place. 72 CJS 692, Principal and Surety, § 234, 74 AmJur2d 74, Suretyship, § 100. That portion of the award which held that Hanover Insurance Company was not liable under the bond which it has posted was correct and therefore the superior court erred in reversing that holding of the board.

2. On the date the merger took place all employees of Pearson Mills, Inc. became employees of Rivers Industries, Inc. Therefore, Rivers Industries, Inc. is liable for the compensation and medical expenses of claimant in this case.

The remaining questions to be determined are (a) whether the two insurance carriers, The Travelers Insurance Company and Hanover Insurance Company, had joint coverage of this operation of Rivers Industries, Inc. or (b) did either of the insurance companies have the sole coverage or (c) did neither of them have coverage of this particular operation of Rivers Industries, Inc. Of course if neither of the insurance companies had coverage of the Pearson Mills portion of Rivers Industries, Inc., then the corporation itself would be responsible for making the payments. Where a corporation does not have the required insurance coverage it then must pay the benefits from its assets.

The State Board of Workers' Compensation has authority to determine which insurance carrier has the coverage and therefore is responsible to pay the compensation which it directs to be paid to the claimant. *Standard Acc. Ins. Co. v. Gulledge,* 86 Ga. App. 493 (71 SE2d 571). This determination must be made in its original award and it would have no authority to alter its holding at a later date because the board can only modify an award upon a change in condition.

An employer may insure different operations of its

business separately and these separate operations may be insured by different insurance companies. Code Ann. § 114-602 (Code § 114-602, as amended through Ga. L. 1972, pp. 929, 930); *U. S. Fidelity &c. Co. v. Stubbs,* 70 Ga. App. 284 (28 SE2d 168); Rule 602, State Board of Workers' Compensation.

In the present case the award of the board states that both the Travelers Insurance Company and Hanover Insurance Company had policies "insuring Rivers Industries, Inc." However, there was no finding by the board whether these policies covered the Pearson Mills operation of Rivers Industries, Inc. While there is some evidence in the record in regard to this issue, there is not sufficient evidence upon which an award could be based as to which insurance company, if any, had coverage of the Pearson Mills operation.

There was not sufficient competent evidence in the record to warrant the award of the board directing that the two insurance companies pay the compensation and medical expenses.

Therefore, it is necessary that this case be remanded to the State Board of Workers' Compensation with direction that additional evidence be taken on the issue of whether the insurance policies of the Travelers Insurance Company and the Hanover Insurance Company provided coverage of the Pearson Mills operation of Rivers Industries, Inc., and to enter an award on this issue.

*Judgment reversed with direction that the case be remanded to the State Board of Workers' Compensation. Webb and McMurray, JJ., concur.*

ARGUED SEPTEMBER 6, 1978 — DECIDED OCTOBER 30, 1978 — REHEARINGS DENIED NOVEMBER 22, 1978.

*Brackett, Arnall & Stephens, H. P. Arnall, H. A. Stephens, Jr.,* for appellant.

*Neely, Neely & Player, Andrew J. Hamilton, Walker, Clarke, McConnell, Richardson & Hulbert, Robert M. Richardson,* for appellees.