### 63818. LUMBERMENS MUTUAL CASUALTY COMPANY v. HAYNES.

POPE, Judge.

Lumbermens Mutual Casualty Company, a division of Kemper Insurance ("Kemper"), issued a policy of workers' compensation insurance to Preston Barber who, along with his two sons, owned and operated Barber Service Company ("Barber"). The policy period ran from September 2, 1979 to September 2, 1980. On July 25, 1980 Carter, an underwriter for Kemper, mailed a renewal policy to Forsyth, the agent who had sold the initial Kemper policy to Barber. On August 10, 1980, upon receipt of the renewal policy, Forsyth notified Barber by mail and later by telephone of the approaching renewal date. Barber did not respond to either notification until September 15, 1980, when Mr. Barber and his son met with Forsyth at his office. During this meeting, Forsyth was advised that Barber would not renew its policy with Kemper because the $1,800.00 premium was too costly, the volume of business had decreased, and, as a result, Barber would forego the purchase of any workers' compensation insurance.

On September 15, 1980, after his meeting with Barber, Forsyth sent a memorandum to Kemper notifying it that Barber had rejected renewal of the policy. Kemper received this communication on September 17, 1980, and on September 24, 1980 a "flat cancellation" was processed effective on the date of the prior policy's expiration, September 2, 1980. Report of cancellation was sent by Kemper and received by the State Board of Workers' Compensation on September 29, 1980.

On September 23, 1980 claimant Haynes, while employed by Barber, sustained a back injury arising out of and in the course of his employment, and Barber was notified. The Administrative Law Judge found Haynes disabled from September 24, 1980 and held Kemper liable for coverage at the time of the accident based upon its failure to comply with Board Rule 603, which requires that notice of termination of workers' compensation insurance be filed with the State Board of Workers' Compensation ("Board") not less than 15 days before the expiration of coverage. The award of the Administrative Law Judge was affirmed by the Board and subsequently by the Superior Court of Polk County.

1. Appellant insurer contends that the workers' compensation insurance policy at issue was not cancelled by the insurer; it was affirmatively rejected by the insured and, thus, was not renewed. We agree. Because the policy was not renewed and no premiums were paid by Barber to maintain it, Barber's coverage under the Kemper

policy expired on September 2, 1980. As it was an expired policy, the notice requirements of Code Ann. § 56-2430 are not applicable. "[Code Ann. § 56-2430] does not apply, nor was it intended to apply, to the expiration or lapse of an insurance contract (policy) because of failure to pay premium necessary to keep a policy in force according to its terms." *Robertson v. Southland Life Ins. Co.,* 130 Ga.App. 807, 809 (204 SE2d 505) (1974). Notice to the insured in the event of the insurer's unilateral cancellation is not only a statutory duty, but also a practical necessity to inform the insured that he is uninsured. However, there is no such need for notification to an insured who affirmatively rejects renewal of an insurance policy and refuses to pay premiums on it. Cf. *Travelers Indem. Co. v. Guess,* 243 Ga. 559 (255 SE2d 55) (1979). "Where the policy expires no notice of cancellation is necessary." *Unigard Mut. Ins. Co. v. Fox,* 142 Ga. App. 706, 707 (236 SE2d 851) (1977); *Barnes v. Ga. Farm Bureau Ins. Co.,* 140 Ga. App. 515 (1) (231 SE2d 569) (1976). Therefore, since Barber rejected renewal, appellant insurer in this case was under no duty to notify the insured employer of cessation of its workers' compensation insurance coverage.

2. Although under ordinary insurance contract law the insurer could be absolved of liability on the facts of the case sub judice, the insurance policy here is one of workers' compensation and, as such, is subject to the requirements set forth by the State Board of Workers' Compensation. Board Rule 603 establishes the procedure through which the insurer shall notify the Board of its workers' compensation insurance coverage of each insured employer, both at the outset and at the end of coverage. Once notice of coverage is filed with the Board pursuant to Rule 603, "coverage is in effect until superseded or terminated." See also *Travelers Ins. Co. v. Sanford,* 242 Ga. 324 (249 SE2d 34) (1978).

Notification of the Board is also necessary when coverage ceases. Rule 603 further provides: "The filing of Report of Cancellation . . . is evidence that coverage is *terminated,* effective not less than 15 days after filing . . ." (Emphasis supplied.) Although denominated a "Report of Cancellation," the appellation of the form should not be read to apply exclusively to unilateral cancellation by the insurer; rather, filing of this form is required to give notice to the Board when coverage ceases for any reason, including termination due to non-renewal.

The State Board of Workers' Compensation is charged with overseeing compliance with the workers' compensation statute requiring employers to insure payment of employees' claims for on-the-job accidents resulting in injury or death. The Board's effective performance of this duty depends, in part, upon its

awareness of the insured or uninsured status of each employer to which the workers' compensation statute applies. The notice requirements of Rule 603 are essential in this regard.

In the present case, the insurer did not notify the Board that its coverage of Barber had been terminated until September 29, 1980. Under Rule 603, such termination of coverage based upon Barber's non-renewal could not be effective until fifteen days from the date of notice to the Board. Notwithstanding Barber's rejection of coverage, non-payment of the premium to renew coverage and probable belief that coverage did not exist, coverage was effective until fifteen days after the Board was notified. Since claimant Haynes was injured on September 23, 1980, the insurer is liable for payment on his claim due to its laxity in filing notice of termination with the Board. The decision of the Board is affirmed.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JULY 14, 1982 —
REHEARING DENIED JULY 29, 1982 — 

*Robert R. Potter,* for appellant.
*Joseph Anderson, Peter O'Callaghan,* for appellee.