71311. OCB COMPANY/NATIONAL CABLE SYSTEMS,
INC. et al. v. WILEY et al.
(341 SE2d 870)

POPE, Judge.

This appeal arises from the death of Emory W. Wiley who was electrocuted on August 8, 1983 while installing cable television wiring for appellant OCB Company/National Cable Systems, Inc. ("OCB").

Workers' compensation benefits are sought by his surviving widow, children and stepchildren.

Two issues are involved in this appeal: (1) decedent's employment relationship with OCB, the cable television franchisee whose wiring he was installing at the time of his death; and (2) which of two insurers is liable for payment of workers' compensation benefits. The Administrative Law Judge ("ALJ") denied benefits because he found decedent to have been an independent contractor. Upon de novo consideration by the full board, the ALJ's award was reversed based upon the finding that decedent was employed by OCB at the time of his death and, thus, was entitled to workers' compensation benefits. Further, the board found OCB's insurer, appellant Commercial Union Insurance Company, to be jointly responsible for payment of the claim along with Cotton States Mutual Insurance Company, the insurer of North Georgia Communications ("Norcom") whose assets were sold to OCB effective August 1, 1983. The superior court affirmed the board's award on the issue of decedent's employment with OCB, but reversed on the issue of joint liability for payment of the claim finding only OCB's insurer, Commercial Union, to be liable. We granted the application for discretionary appeal filed by OCB and Commercial Union.

1. We agree with the superior court that the board's order finding that decedent was employed by OCB is supported by ample evidence and must be affirmed. Whether the relationship between decedent and OCB was that of master and servant (employer and employee) or of employee and independent contractor involves a resolution of factual matters, and when, as here, the board has resolved them, the award based thereon must be affirmed if supported by any evidence. See *Hayes v. Highlands Ins. Co.*, 121 Ga. App. 758 (175 SE2d 44) (1970); *Federal Ins. v. Jackson*, 115 Ga. App. 369 (154 SE2d 712) (1967); *Travelers Ins. Co. v. Moates*, 102 Ga. App. 778 (117 SE2d 924) (1960). The opinion in *Lyons v. Employers &c. Ins. Co.*, 127 Ga. App. 268 (193 SE2d 244) (1972), does not require a different result. In the case at bar we find that, regardless of any purported contracts to the contrary, the evidence is sufficient to support the board's finding that the cable company assumed the right to control the time, manner and method of executing the work. See *American Auto. Ins. Co. v. Tanner*, 97 Ga. App. 122 (101 SE2d 875) (1958). See also *Baird v. Travelers Ins. Co.*, 98 Ga. App. 882 (1) (107 SE2d 579) (1959).

2. Our affirmance of the award of benefits based upon decedent's employment relationship with OCB leads us to an examination of the question of which insurance company is liable for payment of those benefits. An abbreviated recitation of the facts pertinent to this issue is necessary to its resolution. Prior to July 28, 1983 decedent had installed cable television wiring pursuant to orders placed with Norcom.

By agreement dated July 28, 1983 all assets of Norcom relevant to this case were sold to OCB. Under this agreement Norcom was responsible for all company expenses and liabilities through July 31, 1983. From August 1, 1983 all expenses and liabilities were the sole responsibility of OCB. Norcom was by agreement liable for providing workers' compensation coverage only through July 31, 1983. From August 1, 1983 forward OCB was to assume this responsibility. Workers' compensation insurance coverage was procured by OCB from Commercial Union effective August 1, 1983. Norcom's policy with Cotton States, however, provided coverage beyond July 31, 1983.

The board found, and Cotton States does not dispute, that a report of cancellation Form B was not received from Cotton States until September 26, 1983 terminating coverage effective October 9, 1983. Thus, the board found that both Cotton States and Commercial Union were on the risk on August 8, 1983, the date of decedent's death and that, pursuant to Board Rule 126 (formerly Rule 603) Cotton States is jointly responsible for payment for benefits. The superior court reversed on this issue, finding instead that under the holding of *Hanover Ins. Co. v. Sharpe*, 148 Ga. App. 195 (250 SE2d 815) (1978), only Commercial Union is liable for payment of benefits in this case. Finding the factual posture different from that in *Hanover Ins. Co.*, supra, we disagree. There this question arose after Pearson Mills, Inc. merged with Rivers Industrial, Inc. and Pearson Mills ceased to exist as a corporate entity on August 24, 1973. Therefore, Hanover Insurance Company, which had posted a bond for self-insured Pearson Mills, was released from its liability on the bond on the date of the merger even though the bond was still in effect on the date of the accident at issue there which occurred on May 30, 1975. In the case at bar, however, there is no merger and Norcom continued to exist as a corporate entity. We agree with the board that Cotton States' failure to comply with Board Rule 126 by filing notice of cancellation of coverage with the board until well after decedent's death makes it liable for payment of benefits. See *International Indem. Co. v. White*, 174 Ga. App. 773 (2) (331 SE2d 37) (1985); *Lumbermens Mut. Cas. Co. v. Haynes*, 163 Ga. App. 288 (2) (293 SE2d 744) (1982). Since it is undisputed that Commercial Union is liable for such payment, Cotton States is, as the board found, jointly responsible with it. Based upon the foregoing, we reverse the superior court's order on this issue and reinstate the board's order.

*Judgment affirmed in part; reversed in part. Banke, C. J., Deen, P. J., McMurray, P. J., Sognier and Benham, JJ., concur. Birdsong, P. J., Carley and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting in part.

I concur fully in Division 1 of the majority opinion. However, I

part company with respect to Division 2 and would affirm the trial court's conclusion that only the insurer of the employer at the time of the injury is liable for workers' compensation coverage.

The employment with Norcom ended on July 31, 1983, when Wiley ceased to be its employee and Norcom ceased to be his employer. The new employer agreed with the old to provide workers' compensation coverage for Wiley, and it did so.

Board Rule 603 requires that certain forms be filed by an insurer or employer as "Proof of compliance with insurance provisions." It "establishes the procedure through which the insurer shall notify the Board of its workers' compensation insurance coverage of each insured employer, both at the outset and at the end of coverage." *Lumbermens Mut. Cas. Co. v. Haynes*, 163 Ga. App. 288, 289 (2) (293 SE2d 744) (1982). (Emphasis supplied.)

I do not believe Rule 603 (d) relates to the cessation of coverage of an employee who discontinues employment, but rather to the termination of the *policy*. The fact that the policy was continued beyond the date the new owner took over the business, so as to protect the officers, should not obliterate the fact that Wiley was not an employee of Norcom on the date of the accident. Rule 603 does not require the insurer or the employer to notify the Board that an employee (or employees; there were 10 in this instance) who were covered as employees no longer work for the company and so are no longer covered by the still-existing policy. It requires reports in order to show that, when legally mandated, policies are in existence and effect. "The State Board of Workers' Compensation is charged with overseeing compliance with the Workers' Compensation statute requiring employers to insure payment of employees' claims for on-the-job accidents resulting in injury or death. The Board's effective performance of this duty depends, in part, upon its awareness of the insured or uninsured status of each employer to which the Workers' Compensation statute applies. The notice requirements of Rule 603 are essential in *this* regard." *Lumbermens*, supra at 289-290. (Emphasis supplied.) Those who are employees are covered until proper proof of policy termination is filed, as in *Lumbermens*, supra, and *International Indem. Co. v. White*, 174 Ga. App. 773 (331 SE2d 37) (1985). Workers' compensation is intended to provide compensatory benefits to employees for "injury by accident arising out of and in the course of the employment." OCGA § 34-9-1 (4). It is the employer in whose employ the claimant is when the injury occurs who is liable for the compensation and medical expenses. See *Hanover Ins. Co. v. Sharpe*, 148 Ga. App. 195, 199 (2) (250 SE2d 815) (1978).

I find no case where, because of the non-filing of a Report of Cancellation Form "B," a former employee is covered for injury sustained while working for a subsequent and independently covered employer.

If Rule 603 requires such, it is not plain. "[W]hen violation of a regulation subjects private parties to criminal or civil sanctions, the regulation cannot be construed to mean what the agency intended but did not adequately express." *Travelers Ins. Co. v. Sanford*, 242 Ga. 324, 325 (249 SE2d 34) (1978).

I am authorized to state that Presiding Judge Birdsong and Judge Carley join in this dissent.

DECIDED FEBRUARY 6, 1986 —
REHEARING DENIED MARCH 5, 1986 —

*Richard G. Farnsworth, Mark S. Gannon, Jeanne M. Bynum*, for appellants.

*Jack J. Menendez, Robert L. Husby, Jr., Jack O. Morse*, for appellees.