74795. MARYLAND CASUALTY COMPANY et al.
v. WALLS et al.
(361 SE2d 253)

BIRDSONG, Chief Judge.

An administrative law judge (ALJ) of the State Board of Workers' Compensation found that Mark A. Walls, an employee of Arrowhead Alternator, Inc., while performing his employment duties by carrying a tray of parts at his place of employment, on August 19, 1985, felt a sudden "pop" in his lumbar region. He told his supervisor of the incident and received permission to see a doctor. He went to a chiropractor who began treatments which continued until November 20, 1985. He contends that on that date the pain became so intense he became totally disabled and requested workers' compensation benefits. His employer referred him to a doctor and controverted Walls' claim. The ALJ found Walls sustained an accidental injury on August 19, provided his employer with sufficient notice, and continued to work until forced to stop because of a worsening of his condition; and that the date of his discontinuance of work became the date of a "new accident." The ALJ accepted a stipulation of the parties that on August 19, 1985, Arrowhead's insurance carrier was Maryland Casualty Company, but on August 21, 1985, Cotton States Mutual Insurance Company assumed coverage for workers' compensation benefits. The ALJ also found as a fact that Maryland Casualty had filed a "Report of Coverage," Form A (see Rule 126, Rules and Regulations of the State Board of Workers' Compensation, Vol. 26 OCGA Appendix), but had never filed a Form B — Report of Cancellation of insurance coverage, with the Board. The ALJ concluded as a matter of law that Maryland Casualty's coverage was still in effect on the date of the new accident and both insurers would "share equally" in the cost of payment of benefits.

On appeal, the State Board, upon de novo consideration of the evidence, substituted its findings of fact and conclusions of law for that of the ALJ. The Board found, "per stipulation," that Maryland Casualty was the sole provider of workers' compensation coverage on August 19, and that Cotton States' coverage began August 21st. The Board also found as a fact that following his injury, Walls "continued to attempt his normal work duties, which were lighter than those he was performing at the time of his injury . . . [but o]n November 20, 1985, as a result of the wear and tear of ordinary life and the activity connected with performing his normal duties, and not because of another specific incident, the claimant's condition had gradually wors-

ened to a point where he could no longer perform his normal work. This gradual worsening constituted a change in his condition." The Board concluded that Maryland Casualty was "the sole insurer at risk in this claim." Maryland Casualty appealed to the Clayton Superior Court which affirmed the Board's findings. We granted appellant's petition for discretionary appeal. *Held:*

1. "The proper classification of the basis of a claim as an 'accident,' 'change of condition,' or 'new accident' hinges generally upon two factors: (1) Whether the claim seeks initial or additional compensation for the 'injury'; and, (2) the proximate cause of the injury for which compensation is being sought. A claim for a work-related injury arising from an 'accident' is an initial claim for compensation. . . . A claim for a 'change of condition' is a claim for additional compensation under the original award." *Slattery Assoc. v. Hufstetler*, 161 Ga. App. 389, 390-391 (288 SE2d 654). Accord *Holt's Bakery v. Hutchinson*, 177 Ga. App. 154 (338 SE2d 742). Stated differently, an "initial" claim for workers' compensation cannot be based on a "change in condition" because a "condition" has never been established by a prior award or otherwise. *Dairymen, Inc. v. Wood*, 162 Ga. App. 430 (2) (291 SE2d 763). A claim for work-related injury arising from a "new accident" is usually an initial claim for compensation which has not been filed within the one-year statute of limitations of an original injury. *Slattery Assoc.*, supra at 391. But here, even though only three months had passed from the date of the original injury, the date the statute begins to run is the date the employee is required to cease work. *Hufstetler*, supra at 391; *Home Ins. Co. v. McEachin*, 151 Ga. App. 567 (1) (260 SE2d 560).

In *Central State Hosp. v. James*, 147 Ga. App. 308 (248 SE2d 678), we held that "where the claimant is injured on the job but continues to perform the duties of his employment until such time that he is forced to cease work because of the gradual worsening of his condition which was at least partly attributable to his physical activity in continuing to work subsequent to his injury" the date of the injury for purposes of the running of the statute of limitations is the date the "disability manifests itself" and on that date is a "new accident." Id. at 309; accord *Mason, Inc. v. Gregory*, 161 Ga. App. 125 (1) (291 SE2d 30). The Supreme Court agrees that aggravation of a prior injury by continued work, forcing the employee to cease work, is a "new accident." *Blackwell v. Liberty Mut. Ins. Co.*, 230 Ga. 174 (196 SE2d 129). The Board erred in finding Walls' initial claim for compensation was based upon a "change in condition." *Carriers Ins. Co. v. Myers*, 151 Ga. App. 674, 675 (261 SE2d 423).

2. Our Code authorizes the State Board of Workers' Compensation to "make rules, not inconsistent with this chapter. . . ." OCGA § 34-9-60 (a). "[S]uch rules and regulations have the same force and

effect as that of a statute." *Georgia Public Svc. Comm. v. Jones Transp.*, 213 Ga. 514 (1) (100 SE2d 183). Accordingly, the Board has promulgated the "Rules and Regulations of the State Board of Workers' Compensation." See Vol. 26 OCGA Appendix. Rule 126 thereof requires every employer or insurer to file with the Board a "Report of Coverage" — Form A, to "evidence that coverage is in effect until superseded or terminated." A "Report of Cancellation," Form B, "is evidence that coverage is terminated, effective not less than 15 days after filing. . . ." Id.

This court has interpreted the effect of a failure of compliance with this Rule to file a Form B with the Board notifying them of the termination of insurance coverage. In *OCB Co./Nat. Cable Systems v. Wiley*, 178 Ga. App. 101 (341 SE2d 870), where an employer changed insurers prior to a compensable injury suffered by one of its employees, and the former insurer failed to file a Form B until after the employee had been injured, we found that the Board was correct in finding both insurers jointly responsible for payment of benefits. In an earlier case, *Lumbermens Mut. Cas. Co. v. Haynes*, 163 Ga. App. 288, 289 (293 SE2d 744), we emphasized that although the insurance contract of the first insurer had terminated prior to the employee's injury, and under contract law no liability would be found, the issue presented was one of liability of workers' compensation coverage and was subject to the requirements of the Code and the Rules promulgated by the State Board of Workers' Compensation for protection of all workers in this state. Hence, we have consistently held that under Rule 126, after insurance coverage commences, it is not terminated until 15 days following receipt of Form B by the Board. *International Indem. Co. v. White*, 174 Ga. App. 773 (2) (331 SE2d 37).

Appellants argue that the parties stipulated that "Cotton States Mutual Insurance Company assumed coverage effective August 21, 1985," and that they could not be held jointly liable for the insurance coverage as the court was bound by the parties' stipulation.

What the parties stipulated was "that Maryland Casualty Company had coverage on August 19, 1985, and that Cotton States went on the risk as of August 21, 1985." This agreed state of facts does not preclude a factual or legal determination that Maryland Casualty had never terminated its coverage, because it failed to file a Form B in accordance with the Rules of the Board. The fact that Cotton States "went on the risk as of August 21, 1985" only makes Cotton States jointly liable for coverage with Maryland Casualty which had not terminated its coverage properly.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 21, 1987.

*David A. Smith*, for appellants.
*Jack O. Morse, Joe B. Sartain, Jr., Perry M. Sartain*, for appellees.