74413. FLOWERY BRANCH NURSING CENTER v. AMERICAN CENTENNIAL INSURANCE COMPANY et al.

(363 SE2d 580)

BENHAM, Judge.

Appellee American Centennial Insurance Company ("American") was the initial workers' compensation insurer for appellant Flowery Branch Nursing Center ("Flowery Branch"), American having filed a Form "A" Report of Coverage with the State Board of Workers' Compensation on November 14, 1983, effective October 16, 1983. On December 2, 1983, Georgia Insurance Company filed with the board a Form "A" Report of Coverage, showing an effective date of November 1, 1983. On September 10, 1984, Georgia Insurance filed with the board a Form "B" card showing an insurance cancellation date of September 17, 1984. American never filed a Form "B." On May 11, 1985, appellee Lila Martin, an employee of Flowery Branch, suffered an injury which resulted in disability on June 7, 1985. She applied for workers' compensation, and the ALJ who heard the case found that her injury was compensable but that her employer, Flowery Branch, had no coverage with either named insurer on the date of claimant's injury. The ALJ held that under Board Rule 126, Georgia Insurance's Form "A" superseded the coverage previously in effect with American and Georgia Insurance's Form "B" terminated its coverage, and thus Flowery Branch was required to pay compensation to its employee. The full board reviewed the case and found that American was still on the risk at the time of appellee Martin's injury, since it never filed a Form "B" terminating its coverage, and so it, not Flowery Branch, was liable for compensation. American appealed to the superior court, which reinstated the original decision by the ALJ. We granted Flowery Branch's motion for discretionary appeal.

Appellant contends that the superior court erred in finding that appellee was not on the risk even though it never filed a Form "B" to show termination of its insurance coverage. We agree. At the time in question, Rule 126 of the Rules and Regulations of the State Board of Workers' Compensation (OCGA Appendix, Vol. 26) read, in pertinent part, as follows: "(a) Every employer or its insurer shall file with the board a separate report for each insured employer on a Report of Coverage, Form "A" (RB-25), on or before the effective date of coverage . . . (d) The filing of a Report of Cancellation, Form "B" (RB-26),

is evidence that coverage is terminated, effective not less than 15 days after filing, except where the provisions of Title 33 provide for an earlier effective date."

This court has interpreted subsection (d) of the Rule to mean that the "filing of [Form "B"] is required to give notice to the Board when coverage ceases for any reason . . . [so that the Board maintains its] awareness of the insured or uninsured status of each employer to which the workers' compensation statute applies. The notice requirements of Rule [126] are essential in this regard." *Lumbermens &c. Cas. Co. v. Haynes*, 163 Ga. App. 288 (2) (293 SE2d 744) (1982). The case before us is controlled by *Lumbermens &c. Cas Co.*, supra; *Maryland Cas. Co. v. Walls*, 184 Ga. App. 267 (361 SE2d 253) (1987); *OCB Co./&c. Systems v. Wiley*, 178 Ga. App. 101 (341 SE2d 870) (1986); *International Indem. Co. v. White*, 174 Ga. App. 773 (331 SE2d 37) (1985); and *Hanover Ins. Co. v. Sharpe*, 148 Ga. App. 195 (250 SE2d 815) (1978).

The ALJ ruled incorrectly on the coverage issue, and the superior court erred in substituting the ALJ's judgment for that of the full board. We reverse.

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 17, 1987 —
REHEARING DENIED DECEMBER 4, 1987 — 

*Thomas C. Holcomb, Jeffrey E. Hickcox*, for appellant.
*Richard G. Farnsworth, John M. Williams, Benjamin H. Terry, Douglas E. Smith*, for appellees.