45329. AMERICAN CENTENNIAL INSURANCE COMPANY et al. v. FLOWERY BRANCH NURSING CENTER.

(367 SE2d 788)

MARSHALL, Chief Justice.

We granted certiorari to consider the issues of whether (1) the filing of new insurance coverage by a subsequent workers' compensation insurer superseded the coverage of the initial insurer, who never filed a report of cancellation of coverage, and (2) the filing or nonfiling of such forms is conclusive, or merely rebuttable, evidence of coverage.

Appellant "American," initially the workers' compensation insurer of the appellee, "Flowery Branch," filed a "Report of Coverage," Form A (Rule 126 (a), Rules and Regulations of the State Board of Workers' Compensation, Vol. 26 OCGA Appendix) with the board on November 14, 1983, effective October 16, 1983. On December 2, 1983, a subsequent insurer, Georgia Insurance Company, filed with the board a Form A Report of Coverage for Flowery Branch effective November 1, 1983. On September 10, 1984, Georgia Ins. Co. filed with the board a Form B — Report of Cancellation of insurance coverage, showing a cancellation date of September 17, 1984. American never filed a Form B report. In the workers' compensation claim of a Flowery Branch employee for a May 11, 1985, injury resulting in disability on June 7, 1985, the administrative law judge found that the injury was compensable, but that the employer had no coverage with either insurance company on the date of the injury. The full board, by a 2-1 vote, entered an award against American. The superior court reversed the full board, and the Court of Appeals reversed the superior court. *Flowery Branch Nursing Ctr. v. American Centennial Ins. Co.,* 185 Ga. App. 188 (363 SE2d 580) (1987). We reverse.

The filing requirements of the board's rules are determined by the provisions of the rules in effect at the time of the filing of the report of coverage with the board. *Travelers Ins. Co. v. Sanford,* 242 Ga. 324, 325-326 (249 SE2d 34) (1978). At the time in question here, Board Rule 126 (OCGA Title 34, Appendix, p. 672) provided in part:

(a) Every employer or its insurer shall file with the

board a separate report for each insured employer on a Report of Coverage, Form 'A' (RB-25), on or before the effective date of coverage.

(b) The filing of a Form 'A' is evidence that coverage is in effect until *superseded* or *terminated*. (Emphasis supplied.)

(c) The filing of a new Form 'A' is evidence that coverage shown thereon *supersedes* coverage previously in effect.

(d) The filing of a Report of Cancellation, Form 'B' (RB-26), is *evidence* that coverage is terminated, effective not less than 15 days after filing, . . . . [Emphasis supplied.]

The above rule contains no express requirement for notice, but rather provides that the filing of the forms simply constitutes "evidence of" coverage or lack of coverage. The rule does not expressly create any presumption, and we are unauthorized to attach a provision for conclusiveness which the board has not seen fit to articulate.

Here, American's filing of a Form A was evidence that its coverage was in effect until it was *superseded* or *terminated.* Subsection (b). The filing of the new Form A by Georgia Ins. Co. was evidence that the coverage shown thereon *superseded* the coverage previously in effect, i.e., that of American's. Subsection (c). Since American's coverage was thus *superseded*, there was no necessity for it to file a Form B — Report of Cancellation, which, under subsection (d), is merely *evidence* that coverage is *terminated.* There is no evidence that American's coverage extended beyond the effective date of Georgia Ins. Co.'s coverage. Since the two policies did not provide concurrent and coextensive coverage with respect to distinct operations of the employer, it cannot be said that the policies were simultaneously effective under the provisions of Board Rule 121.

To the extent that previous cases are not distinguishable on their facts and conflict with our present holding, they are specifically overruled. See *Travelers Ins. Co. v. Sanford,* 242 Ga. 324, supra; *Maryland Cas. Co. v. Walls,* 184 Ga. App. 267 (361 SE2d 253) (1987); *OCB Co./Nat. Cable Systems v. Wiley,* 178 Ga. App. 101 (341 SE2d 870) (1986); *Intl. Indem. Co. v. White,* 174 Ga. App. 773 (2) (331 SE2d 37) (1985); *Lumbermens Mut. Cas. Co. v. Haynes,* 163 Ga. App. 288, 289 (293 SE2d 744) (1982).

Thus, an application of the applicable version of Rule 126 in its entirety establishes that American's coverage was ended by supersession by virtue of Georgia Ins. Co.'s filing of a new Form A, and that, by reason of Georgia Ins. Co.'s filing of the Form B, neither insurer had coverage at the time the claim arose. Accordingly, the board's holding that American's coverage continued in effect due to the failure of it or the employer to file a Form B, was an erroneous conclu-

sion of law. OCGA § 34-9-105 (c) (5). We note that, in a case such as this, where the employer has allowed its workers' compensation insurance coverage to lapse, the claimant can bring a suit for damages against the employer for its criminal omission either to procure new workers' compensation insurance and file a new Form A, or to seek certification as a board-authorized self-insurer under Board Rule 121 (b), if such omission can be shown. *Samuel v. Baitcher*, 247 Ga. 71 (274 SE2d 327) (1981).

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 27, 1988 —
RECONSIDERATION DENIED MAY 12, 1988.

*Savell & Williams, Benjamin H. Terry, Douglas E. Smith,* for appellants.

*McLain & Merritt, Thomas C. Holcomb, Jeffrey E. Hickox,* for appellee.