76254. CHATTANOOGA TRUCK PARTS OF NORTH GEORGIA, INC. et al. v. ROBERTS.
(370 SE2d 527)

BANKE, Presiding Judge.

We granted an application for discretionary appeal in this workers' compensation case to consider the appellant-insurer's contention that another insurance carrier should be held jointly liable with it for the award of benefits to the claimant.

The claimant sustained a compensable injury on September 26, 1985. Appellant United States Fidelity & Guaranty Company (USF&G) appeared at the initial hearing on the claim and during this hearing stipulated that it had been the employer's workers' compensation insurance carrier at the time of the injury. However, after the claimant was awarded benefits by the administrative law judge, USF&G discovered that its insurance coverage had in fact terminated on September 22, 1985, four days prior to the injury, and that a new carrier, Bituminous Casualty Company, had assumed the risk of that date. USF&G accordingly sought a de novo review of the coverage issue by the board. Relying on *Food Giant v. Brown*, 174 Ga. App. 485 (330 SE2d 183) (1985), the board found USF&G's prior stipulation of coverage to be conclusive on that issue; and that ruling was affirmed by the superior court. On appeal to this court, USF&G concedes that it is bound by its prior stipulation of coverage but argues that Bituminous Casualty may nevertheless be held jointly liable with it for payment of the claim. *Held*:

As evidence that another insurer was providing joint coverage at the time of the accident would not contradict USF&G's prior stipula-

tion in the case, we hold that the board was not precluded from considering such evidence. Compare *Food Giant v. Brown*, supra. Furthermore, as there appears to be no question that the Bituminous Casualty coverage was in fact in force on the date the accident occurred, there would appear to be no basis upon which it could escape liability on the claim. The decision of the superior court is consequently reversed with direction that the case be remanded to the board for the entry of a new award holding both insurers jointly liable for payment of the benefits previously determined to be due the claimant. Accord *Maryland Cas. Co. v. Walls*, 184 Ga. App. 267 (361 SE2d 253) (1987), overruled on other grounds in *American Centennial Ins. Co. v. Flowery Branch Nursing Center*, 258 Ga. 222 (367 SE2d 788) (1988).

*Judgment reversed and case remanded with direction. Birdsong, C. J., and Beasley, J., concur.*

DECIDED JUNE 3, 1988.

*Timothy H. Allred, Richard H. Sapp III*, for appellants.
*F. Bryant Henry, Jr.*, for appellee.