A90A2130, A90A2131. TRAMMELL CROWE CONSTRUCTION
COMPANY, INC. et al. v. RUMPH et al. (two cases).
(403 SE2d 72)

COOPER, Judge.
    Appellee Selective Insurance Company of the Southeast ("Selective"), the workers' compensation insurer of appellant Pyramid Construction Company, Inc. ("Pyramid"), issued a policy covering the period November 17, 1987, to November 17, 1988, which it elected to cancel in June 1988 due to Pyramid's failure to cooperate with an audit. The effective date of the cancellation was to be August 15, 1988, and on June 30, an underwriter employed by Selective directed a clerk to prepare a notice of cancellation to be sent to Pyramid, the agent who procured the policy and to the National Council on Compensation Insurance ("NCCI"). Pyramid's president did not receive notice until July 23 or 24, and NCCI never received the notice of cancellation but did receive an endorsement from Selective on August 12 which indicated that on August 15 the policy would be cancelled. The agent received the notice on July 7. On August 17, appellee Mark Rumph, a Pyramid employee, was injured, and Selective denied coverage.
    In the hearing before the ALJ, Selective produced a post office certificate of bulk mailing, which indicated that on July 1, 1988, six unidentified items were mailed, and a separate sheet containing the names of six policyholders, including Pyramid, and a statement indicating that cancellation notices issued on July 1, 1988, were mailed to each of the entities. The list was not stamped by the post office. The underwriter testified and described office procedure, however, admitted that she did not prepare the list nor did she mail the letters. There was no testimony from anyone who actually mailed the notices. The ALJ found that Rumph's injury was covered by Selective because the insurer failed to comply with the notice of cancellation requirements of OCGA § 33-24-44 (b) and Board Rule 126 (a) (2) with re-

spect to notifying NCCI. The full board entered an award against Selective, and on appeal in superior court, the award was reversed. The trial court held that the board erroneously determined that OCGA § 33-24-44 (b) required that the insured receive notice of cancellation whereas the statute recites that only mailing is required of the insurer. Due to Selective's failure to produce a post office receipt proving that notice was actually sent, the court determined that under a strict reading of the statute, Selective was not in compliance; however, relying on *Travelers Indem. Co. v. Guess*, 243 Ga. 559 (255 SE2d 55) (1979), found that because Pyramid received actual notice, Selective did not have to demonstrate that notice was mailed and further that Selective satisfied the statute. The court also held that compliance with Board Rule 126 (a) (2) was not mandatory; that such notice is only evidence of cancellation; and that Selective's failure to show compliance with the rule "d[id] not preclude a finding of effective and timely notice of cancellation to its insured." We granted applications for discretionary appeal to this court by Pyramid (Case No. A90A2131) and by appellant Trammell Crowe, the general contractor, and its workers' compensation insurer (Case No. A90A2130) to determine whether Selective's notice complied with OCGA § 33-24-44 (b) and whether Board Rule 126 (b) is mandatory for effective cancellation.

1. Appellants contend the trial court erred in finding that Selective satisfied OCGA § 33-24-44 (b) inasmuch as the insurer failed to show it provided written notice of cancellation. OCGA § 33-24-44 provides that "[w]ritten notice stating the time when the cancellation will be effective, which shall not be less than 30 days from the date of mailing or delivery in person of such notice of cancellation . . ., shall be delivered in person or by depositing the notice in the United States mails to be dispatched by at least first-class mail to the last address of record of the insured . . . and receiving the receipt provided by the United States Postal Service or such other evidence of mailing as prescribed or accepted by the United States Postal Service." In *Travelers*, the court stated that the methods set forth in the statute to accomplish cancellation were mandatory; however, "where it is admitted such notice was received, the purpose of the statute [to assure actual notice of cancellation] has been accomplished. [Cits.]" Id. at 560-561. In our view, the court's holding in *Travelers* is premised on facts which are distinguishable from the case sub judice. In *Travelers*, the insurer attempted to cancel a new policy within ten days of notice, as provided by OCGA § 33-24-44 (d), because of alleged misrepresentations regarding the insured's driving record. The insured admitted receiving notice on October 4, and the effective date of the cancellation was October 16. The insured vehicle was involved in a collision on October 25, and the insurer admitted there was no

personal service nor did the insurer produce a post office receipt. It is clear, however, that the insured received notice within the time prescribed by the legislature. While the trial court was correct in stating that OCGA § 33-24-44 (b) requires the sending of notice and in cases where there has been compliance with the statute, the issue of receipt of notice is legally irrelevant, *Hill v. Allstate Ins. Co.*, 151 Ga. App. 542 (1) (260 SE2d 370) (1979), in *Travelers*, the court commented in a footnote that its holding "would not be applicable where receipt of notice of cancellation is denied by the insured. Failure to follow the strict mandate of the statute would authorize summary judgment, upon proper motion, for the insured. [Cit.]" *Travelers*, supra at 561, n. 2. The trial court agreed with the ALJ and the board that Selective did not strictly comply with the statute, and with this finding, we concur. Compare *Maddox v. Allstate Ins. Co.*, 164 Ga. App. 21 (296 SE2d 84) (1982). However, it is also undisputed that Pyramid did not receive notice until approximately three weeks prior to the effective date of cancellation, which is short of the 30 days provided by the General Assembly. We find, therefore, that the trial court erred in determining that Selective complied with OCGA § 33-24-44 (b) and that Pyramid's actual knowledge and the notice of cancellation did not preclude Selective's coverage of the injury sustained by Rumph on August 17, 1988.

2. Appellants also enumerate as error the trial court's finding that compliance with Board Rule 126 (b) was not mandatory upon Selective to provide effective cancellation. "The filing requirements of the board's rules are determined by the provisions of the rules in effect at the time of the filing of the report of coverage with the board. [Cit.]" *American Centennial Ins. Co. v. Flowery Branch &c. Center*, 258 Ga. 222 (367 SE2d 788) (1988). Board Rule 126 (OCGA Title 34, Appendix, p. 755) provides in pertinent part:

(a) *Every employer insured by a licensed insurer shall have proof of coverage documented by its insurer directly* with the National Council on Compensation Insurance (NCCI) through the NCCI policy information system. Reports will be made to the NCCI pursuant to procedures outlined by the NCCI and approved by the Georgia State Board of Workers' Compensation.

(1) The proof of coverage documented with the NCCI is evidence that coverage is in effect until superseded or terminated.

(2) Cancellation or non-renewal documented with the NCCI is evidence that coverage is terminated, effective not less than 15 days after filing, . . . (Emphasis supplied).

The Supreme Court in *American Centennial*, supra, considered a predecessor of Rule 126 which was substantively the same as the current rule. The court determined that despite the mandatory language emphasized above, the rule "contains no express requirement for no-

tice, but rather provides that the filing of the forms simply constitutes 'evidence of' coverage or lack of coverage. The rule does not expressly create any presumption, and we are unauthorized to attach a provision for conclusiveness which the board has not seen fit to articulate." Id. at 223.

Based on the foregoing, Selective contends that all of the evidence should be considered, and compliance with the Board Rule is not conclusive. Viewing the evidence as a whole, it is inescapable that the only document filed with NCCI during the relevant period was the endorsement filed on August 12, and if that document is construed liberally, it would constitute evidence that coverage was terminated not sooner than August 27, 1988 under Rule 126. Thus, in view of the Supreme Court's holding, the filing outlined in Rule 126 is not mandatory; however, following the direction provided by the Court in *American Centennial*, supra, we find that Selective's notice to NCCI was not sufficient to bar its coverage of Rumph's injury.

*Judgments reversed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 27, 1991.

*Cone & Shivers, Judith A. Hodges*, for appellants.
*Chambers, Mabry, McClelland & Brooks, Lawrence J. Hogan, Eugene C. Bessent, Goodman, McGuffey, Aust & Lindsey, Wade McGuffey, Edward H. Lindsey, Jr., Richard Thane*, for appellees.